UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MUNDY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, in its capacity as Administrator of the Yellow Roadway Corporation Long-Term Disability Benefits Plan, YELLOW ROADWAY CORPORATION LONG-TERM DISABILITY BENEFITS PLAN, and YELLOW ROADWAY CORPORATION, | ) Case No.: 08 C 1576 ) ) Judge Bucklo ) ) Magistrate Judge Valdez ) ) ) ) |
| Defendants. | ) ) ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendants, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), incorrectly sued as "Administrator of the Yellow Roadway Corporation Long-Term Disability Benefits Plan," and YELLOW ROADWAY CORPORATION LONG-TERM DISABILITY INSURANCE PLAN ("LTD PLAN"), incorrectly sued as "Yellow Roadway Corporation Long-Term Disability Benefits Plan," by their counsel, state as follows for their Answer and Affirmative Defenses to the Amended Complaint:

**Statement of Facts**

1.  The Plaintiff, JOSEPH MUNDY was actively employed by Yellow Transportation, Inc. for 14 years from October 15, 1991 until January 5, 2005, when he had to cease work as a Line Dispatcher when he suffered from an event in which he lost vision, which was diagnosed by his doctors as having been caused by a genetic protein blood deficiency, and stenosis of the carotid arteries. Mundy has aneurismal disease, and in fact aneurysms that the

doctors found could dislodge and cause severe damage or death. Furthermore, the work-up following the event evidenced that Mundy had 'white matter disease' of the brain, may have been having small strokes, did not have blood going to his head because of 50% external carotid artery blockage and 70% of internal blockage, and, based upon a neuro-psych exam, had cognitive deficits. Mundy's doctor did not release him to work, and has not released him to work to date.

> **ANSWER:** Admit that Mundy was hired by Yellow Roadway Corporation ("YRC") or an affiliate of YRC on or about October 15, 1991. Admit that Mundy stopped actively working as a dispatcher on January 5, 2005. Admit that Mundy reported experiencing a loss of vision in his right eye on January 5, 2005. Admit that Mundy was diagnosed with stenosis of the carotid arteries and aneurysmal changes and tested positive for activated protein C resistance. Deny all remaining allegations in ¶ 1.

2. MUNDY has not engaged in any substantial gainful activity since January 5, 2005, and has been found by the Social Security Administration to be totally disabled, with an onset date of January 6, 2005.

> **ANSWER:** Admit that the Social Security Administration ("SSA") found that Mundy met the Social Security Act's criteria for the payment of Social Security Disability Insurance ("SSDI"). Deny that this finding signifies that Mundy meets the definition of disability set forth in the group insurance policy ("Policy") that LINA issued. Lack information or knowledge as to whether Mundy has engaged in gainful activity since January 5, 2005. Deny all remaining allegations in ¶ 2.

**COUNT I**
**Ancillary State Breach of Contract Claim**
**Short-Term Disability Benefits**
**Defendant - Yellow Transportation, Inc.**
**Jury Demand**

LINA and the LTD Plan do not respond to Count I because this count is neither directed against these defendants nor incorporated into the count that is directed against these defendants.

3. This claim is an ancillary state claim, to Count II of this Complaint.

**ANSWER:**

4.     Joseph Mundy, the Plaintiff, is a resident of Cook County, Illinois.

**ANSWER:**

5.     The Defendant, Yellow Transportation, Inc., Plaintiff's former employer, is incorporated in Indiana, and is engaged in business in the State of Illinois and in Cook County.

**ANSWER:**

6.     This is a Complaint for a Breach of Contract for short-term disability benefits. The contract, entitled "Short-Term Income Replacement Plan for Exempt Employees" was issued by the Defendant Yellow Transportation, Inc., to the plaintiff to provide monthly disability income benefits to Plaintiff if he became disabled.

**ANSWER:**

7.     For and in consideration of the Plaintiff's employment, the Defendant, Yellow Transportation, Inc., administered a short-term disability benefits continuation plan, providing for payment of monthly indemnity in the event Plaintiff becomes disabled under the terms of the plan. (Exhibit A)

**ANSWER:**

8.     Subsequent to his ceasing his active employment, MUNDY applied for short-term benefits under the benefits continuation plan, and in his application alleged that due to his condition, he was entitled to benefits due to qualifying disability under the plan.

**ANSWER:**

9.     MUNDY was found to meet the definition of disability, and was paid $4,535.27 per month from January 6, 2005, until May 6, 2005 (full pay for first four months) and $2,721.16 per month from May 7, 2005 until May 15, 2005 (60% of pay after first four months).

**ANSWER:**

6324384v1 887622

10. Thereafter, continuing benefits past May 15, 2005 were denied to MUNDY, by letter dated April 27, 2005, based upon the claim by the defendants that Mundy's disabilities did not meet the language of the plan.

**ANSWER:**

11. After receiving a denial of continuing benefits, MUNDY submitted a detailed appeal of the benefits denial which contained substantial medical and other evidence, that support MUNDY's claim that his medical problems continue to meet the definition of disability under the policy.

**ANSWER:**

12. Without cause or reasonable justification, Yellow Transportation, Inc. denied MUNDY's appeals and affirmed its decision to terminate benefits.

**ANSWER:**

13. MUNDY is entitled to short-term disability benefits from May 15, 2005 to July 6, 2005, at $2,721.16 per month, plus interest on all overdue payments at the rate of 9% in accordance with 215 ILCS 5/357.9 or 357.9a, and continuing benefits.

**ANSWER:**

14. The Defendants are guilty of unreasonable and vexatious delay in their refusal to pay disability income benefits to the Plaintiff.

**ANSWER:**

15. The Plaintiff is entitled to recover statutory penalties and attorneys' fees, pursuant to 215 ILCS 5/155.

**ANSWER:**

6324384v1 887622

**COUNT II**
**ERISA CLAIM**
**Long-Term Disability Benefits**
**Defendants - LIFE INSURANCE COMPANY OF NORTH AMERICA and YELLOW ROADWAY CORPORATION LONG-TERM DISABILITY BENEFITS PLAN**

16.    Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. Sect. 1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long-term disability insurance plan administered, insured and underwritten by LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") for the benefit of employees of Yellow Transportation, Inc.

> **ANSWER:** Admit that the Court has jurisdiction under § 1132(e) of ERISA. Admit that LINA issued to YRC Group Policy No. FLK-980016 ("Policy"), which provides group long-term disability insurance coverage to eligible employees of YRC and its designated corporate affiliates under the subject employee benefit plan. Admit that the Policy constitutes an employee welfare benefit plan under 29 U.S.C. § 1002(1). Deny all remaining allegations in ¶ 16.

17.    The ERISA statute provides, at 29 U.C.C. Sect. 1133, a mechanism for administrative or internal appeal of benefits denials.

> **ANSWER:** Admitted.

18.    Plaintiff has exhausted all of his pre-suit appeals. Venue is proper in the Northern District of Illinois 29 U.S.C. Sect. 1132(e)(2), 28 U.S.C. Sect. 1391.

> **ANSWER:** Admit that plaintiff exhausted pre-suit appeals. Admit on information and belief that venue is proper in this judicial district.

**Nature of Action**

19.    This is a claim seeking payment of disability income benefits pursuant a long-term disability plans administered, underwritten and insured by LINA to provide long-term

disability income benefits to employees of Yellow Transportation, Inc. This action, seeking recovery of benefits, is brought pursuant to Sect. 502(a)(1)(B)of ERISA (29 U.S.C. Sect. 1132 (a)(1)(B).

> **ANSWER:** Admit that Mundy seeks to recover LTD benefits under the LTD Plan, which was established by YRC. Admit that LINA insures benefits under the LTD Plan pursuant to the Policy. Admit that Mundy's claim arises under § 1132(a)(1)(B) of ERISA. Deny all remaining allegations in ¶ 19.

### The Parties

20.  Plaintiff at all relevant times, is a resident of Palos Hills, Cook County, Illinois.

> **ANSWER:** Admitted on information and belief.

21.  Yellow Roadway Corporation Long-Term Disability Benefits Plan (the "LTD Plan") is an employee benefit plan sponsored by Yellow Transportation, Inc., and administered, insured and underwritten by Life Insurance Company of North America, (LINA) for the benefit of the employees of Yellow Transportation, Inc. A true and correct copy of the Plan is attached as Exhibit B.

> **ANSWER:** Admit that the LTD Plan was sponsored by YRC. Admit LINA insured LTD benefits under the Plan pursuant to the Policy. Admit that the Policy specifies the classes of employees eligible for coverage under the Plan and Policy. Deny all remaining allegations in ¶ 21.

22.  At all times relevant hereto, the LONG-TERM DISABILITY PLAN constituted an "employee welfare benefit plan" as defined by 29 U.S.C. Sect. 1002(1); and incident to his employment, Mundy received coverage under the Plan as "participant" as defined by 29 U.S.C. Sect. 1002(7).

> **ANSWER:** Admit that the LTD Plan is an employee welfare benefit plan within the meaning of § 1002(1) of ERISA. Admit that Mundy is a former participant in the LTD Plan. Deny all remaining allegations in ¶ 22.

6324384v1 887622

23. Subsequent to his ceasing his active employment, MUNDY applied for long-term benefits under the LONG-TERM DISABILITY PLAN, and his application alleged that due to his condition, he was entitled to benefits due to qualifying disability under the plan.

**ANSWER:** Admit that, in a form dated November 28, 2006, Mundy applied for LTD benefits under the Plan, alleging that he was entitled to such benefits. Deny that Mundy qualified for LTD benefits and all remaining allegations in ¶ 23.

24. MUNDY alleged that he is due Long-Term Disability payments from July 7, 2005 until the present.

**ANSWER:** Denied.

25. Benefits were denied to MUNDY, by letter dated August 24, 2007, with the defense by LINA that MUNDY's functional limitations did not prevent him from performing his former position, which was appealed by Mundy, with response from LINA dated January 16, 2008 that the company would not reconsider its decision without new evidence, despite the fact that MUNDY had submitted new evidence with the appeal.

**ANSWER:** Admit that Mundy's counsel appealed the denial of his claim. Admit that, in a letter dated August 24, 2007, LINA, on behalf of the Plan, denied the appeal, in part as more fully stated in the denial letter, on the ground that two independent medical specialists found that Mundy's medical conditions did not prevent him from performing his sedentary position as a dispatcher. Admit that, in a letter dated January 16, 2008, LINA denied Mundy's second appeal. Deny all remaining allegations in ¶ 25.

26. With the filing of the claim for benefits, and after receiving LINA's denial of benefits, MUNDY submitted a detailed appeal of the benefits denial which contained substantial medical problems meet the definition of disability under the policy.

**ANSWER:** Admit that Mundy appealed the denial of his claim for LTD benefits. Deny the remaining allegations in ¶ 26.

27. Without cause or reasonable justification, LINA denied MUNDY's appeals and affirmed its decision to terminate benefits.

6324384v1 887622

**ANSWER:**  Denied.

28.   The Plan and LINA's actions have now foreclosed all avenues of administrative appeal and this matter is ripe for judicial review.

**ANSWER:**  Denied.

29.   MUNDY is entitled to long-term disability benefits from July 7, 2005 to the present $3,023.66 per month, plus interest on all overdue payments at the rate of 9% in accordance with 215 ILCS 5/357.9 or 357.9a, and continuing benefits.

**ANSWER:**  Denied.

## AFFIRMATIVE DEFENSES

1.   To the extent plaintiff asserts common law or state law remedies, the claims are preempted by ERISA, 29 U. S. C. § 1144.

2.   Plaintiff's claims are barred for failure to comply with terms and conditions of the Plan.

3.   In the event that this Court were to determine that plaintiff is entitled to long term disability benefits under the plan documents, plaintiff's claims are subject to the doctrines of setoff and recoupment in that she is receiving and has received other benefits which qualify as Other Income Benefits under the Plan and reduce the amount of any LTD benefit payable to her under the Plan.

4.   Plaintiff's claims are barred, in whole or in part, on the ground that defendants have discharged their obligations to plaintiff.

6324384v1 887622

|  |  |
|---|---|
|  | Respectfully submitted: |
| Daniel K. Ryan, Esq.<br>Peter E. Pederson, Esq.<br>HINSHAW & CULBERTSON LLP<br>222 North LaSalle Street<br>Suite 300<br>Chicago, Illinois  60601<br>(312) 704-3000<br>**Fax:**  (312) 704-3001<br>dryan@hinshawlaw.com<br>ppederson@hinshawlaw.com | LIFE INSURANCE COMPANY OF NORTH AMERICA and YELLOW ROADWAY CORPORATION LONG-TERM DISABILITY INSURANCE PLAN<br><br>By:   /s/ Peter E. Pederson |

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that, on June 25, 2008, I e-filed this document with the Court's ECF/CM system, which will make an electronic copy available to counsel of record identified below.

Roger Hutchison, Esq.
DOBBS AND HUTCHISON
47 W Polk St
Chicago, IL 60605-2000
roghutch@prodigy.net

William R. Pokorny, Esq.
FRANCZEK SULLIVAN P.C.
300 South Wacker Drive
Suite 3400
Chicago, Illinois 60606
wrp@franczek.com

 /s/ Peter E. Pederson
Peter E. Pederson

6324384v1 887622