UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH MUNDY,                              )
                                          )
            Plaintiff,                     )      No.   08 C 1576
                                          )
      vs.                                  )
                                          )
                                          )
LIFE INSURANCE COMPANY OF NORTH AMERICA, )
In its capacity as Administrator of the )
Yellow Roadway Corporation Long-Term      )
Disability Benefits Plan,                  )
YELLOW ROADWAY CORPORATION LONG-TERM      )
DISABILITY BENEFITS PLAN,                  )
YELLOW TRANSPORTATION, INC.,               )
                                          )
            Defendants.                    )

**PLAINTIFF'S RESPONSE**
**TO DEFENDANT YELLOW TRANSPORTATION, INC.'S MOTION TO DISMISS**
**COUNT I OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff, Joseph Mundy, responds to Defendant Yellow

Transportation, Inc.'s Motion to Dismiss Count I of Plaintiff'

Second Amended Complaint as follows:

**Introduction**

Defendant Yellow Transportation, Inc. (YTI) has asked this

court to dismiss Count I of the complaint.  Plaintiff's position

is that because the facts in the two claims are integrally

intertwined, that this is an appropriate circumstance for this

Court to exercise its discretion to maintain supplementary

jurisdiction over the state claim pled in Count I.

## Statement of Relevant Facts

| | |
|---|---|
| January 5, 2005 | Mundy ceased work as a Line Dispatcher when he suffered from a medical event, as described in the Second Amended Complaint. Having then made a claim for Short Term Disability Benefits (STD), LINA (aka CIGNA), as administrator for YTI, found Mundy to be disabled under the STD plan as of January 6, 2005 |
| April 27, 2005 | LINA issued a letter on behalf of YTI, denying Mundy STD benefits past May 15, 2005. (not attached) |
| June 29, 2005 | After Mundy appealed the denial of STD benefits, LINA issued a letter on behalf of YTI, denying the appeal. (Exhibit A) |
| August 16, 2005 | Dobbs and Hutchison filed an appeal on behalf of Mundy. (Exhibit B) |
| January 10, 2006 | Counsel for Mundy requested a copy of the Long Term Disability benefits policy from the LINA STD claims manager - Lori Ann Dreyer. (note typo - date of letter was January 10, 2006, not January 10, 2005) (Exhibit C) |
| January 20, 2006 | Kimberly Przybylek, LINA claims manager, sent a letter to counsel for Mundy discussing items of business concerning the STD claim, and at the same time providing the LTD policy. (Exhibit D) |
| April 25, 2006 | LINA issued a final denial of STD benefits. (Exhibit E) |
| November 30, 2006 | Mundy filed a claim for LTD benefits with LINA, but did not re-submit the extensive medical records submitted previously to the STD claims manager. (Exhibit F) |

2

December 6, 2006    LINA summarily denied the claim for STD benefits after "Review of all the medical information in Mr. Mundy's short term disability file." (Exhibit G)

April 4, 2007    Mundy simultaneously requested reconsideration of the STD Denial, and reconsideration of the LTD denial. (Exhibit H)

April 10, 2007    Note in Lina's file that LINA received appeal on April 10, 2007.  Person making note stated that STD claim was denied twice, and that the two doctors who had reviewed STD appeal were considered in LTD claim. (Exhibit I)

August 24, 2007    LINA issued a final denial of LTD benefits. (Exhibit J)

## Argument

**I.    Count I and Count II are based upon the same facts, and involve substantially the same parties.**

A state law claim forms part of the same controversy if it and the federal claim "derive from a common nucleus of operative fact." Berg v. BCS Financial Corp., 372 F. Supp. 2d 1080, 1092 – 1093 (N.D. Ill. 2005); citing to, *City of Chicago v. International Coll. of Surgeons,* 522 U.S. 156, 165, 118 S.Ct. 523, 529, 139 L.Ed.2d 525 (1997) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)). "Stated differently, supplemental jurisdiction exists 'if, considered without regard to their federal or state

character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding...'" *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138. "A loose factual connection between the claims is generally sufficient" to confer supplemental jurisdiction over state law claims. *Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir.1995) (internal quotation and citation omitted)". Berg at 1092 – 1093.

Based upon the history provided in the statement of facts at the beginning of this Response, it is clear that the STD claim and the LTD claim were decided by the same company – LINA. The fact that LINA was only the administrator for the STD claim, and the administrator and insurer for the LTD claim, is merely a legal formality. In Count I, LINA was the agent of YTI, and in Count II, LINA was the administrator and insurer of the LTD Plan created for YTI. Subject to that formality, the exact same set of facts – medical evidence related to Mundy's work-related disability – was the basis for both claims. Furthermore, the same physical file was used for evaluation of both claims. (Exhibit G) There cannot, therefore, even be an argument by LINA that there was a 'chinese wall' dividing the two claims.

The Berg case is not only not binding upon this court, but can be differentiated. The Berg case was not an 'ERISA disability claim'. The issues involved in the Berg case were

4

much more complicated than a straight STD/LTD disability claim such as the case at hand.

## II. The fact that there is a different legal standard for Count I and Count II is not a reason for this court to dismiss Count I.

Mundy agrees that the standard for Count I will be a preponderance of the evidence, because it is a breach of contract. Mundy agrees that the standard for Count II will either be a de novo standard or a deferential standard.

Mundy points out that LINA, the defendant to Count II, has not yet pled as affirmative matter that the standard in this case is deferential. Mundy agrees, though, that it may be determined that the case is subject to deferential review, and in that event, that LINA will argue that no discovery should be conducted in regards to Count II. The law, though, has changed since YTI filed the Motion to Dismiss. In Metropolitan Life Insurance Company v. Glenn, 128 S. Ct. 2343 (June 19, 2008), the U.S. Supreme Court has now stated that:

a reviewing court should consider the conflict of interest arising from the dual role of an entity as an ERISA plan administrator and payer of plan benefits as a factor in determining whether the plan administrator has abused its discretion in denying benefits, with the significance of the factor depending upon the circumstances of the particular case. (Id. at 2343)

The Glenn set of facts applies to this case, because LINA is both the administrator and the insurer of the LTD Plan.

5

Mundy asserts that the Glenn decision should lead to increased
discovery in 'deferential standard' ERISA cases, when a
Plaintiff is seeking to conduct discovery in regards to conflict
of interest issues.  Mundy intends to argue that point in a
separate Motion for Leave to Conduct Limited Discovery in this
case.  This Court should consider this likely expansion of
discovery boundaries, when deciding the motion at hand, since
YTI has argued that there is no similarity between discovery
that would be conducted in Count I and Count II.  In fact, if
limited discovery is allowed in regards to a conflict of
interest, it may apply to both Count I and Count II.

     Mundy also points out, alternatively, if the standard is
'de novo' in this case, Mundy intends to request limited
discovery as allowed in this circuit, by leave of court, in an
ERISA case with a 'de novo' standard of review. See, e.g.,
Perlman v. Swiss Bank Corp. Comprehensive Disability Protection
Plan, 195 F.3d 975, (Seventh Circuit, 1999)("We have allowed
parties to take discovery and present new evidence in ERISA
cases subject to de novo judicial decisions,", citing to, Casey
v. Uddeholm Corp., 32 F.3d 1094, 1098-99 & n. 4 (7th Cir.1994);
accord, Kinstler v. First Reliance Standard Life Insurance Co.,
181 F.3d 243 (2d Cir.1999))

## II.   It would not be in the interest of judicial economy for the court to dismiss Count I.

As acknowledged in YTI's motion, if this court were to dismiss Count I, Mundy would refile a complaint in state court for breach of contract. This would result in a simultaneous case concerning the same set of facts. This would substantially increase costs for the Plaintiff and the Defendants, and two separate courts would have to analyze the same extensive medical records.

## III. YTI's argument concerning the claim for Section 215 Illinois Insurance Code Damages is moot.

Plaintiff was granted leave to file the Second Amended Complaint, which eliminated the request for Section 215 Illinois Insurance Code Damages. Therefore, Plaintiff shall not argue that point in this memorandum as it is moot. There are no 'novel' issues of state law in regards to Count I.

### Conclusion

Although the legal standards that apply to Count I and Count II are different, the facts are integrally the same. Therefore, Mundy asks this court to retain jurisdiction over both claims.

WHEREFORE, Plaintiff requests that Defendant's Motion to Dismiss Count I be denied.

Respectfully submitted,

_____
Attorney for Plaintiff

Kenneth P. Dobbs
Dobbs and Hutchison
47 West Polk Street
Suite M-2
Chicago, Il 60605
312-461-9800

8

Lori Ann Dreyer
Appeals Claim Manager



**CIGNA** Group Insurance
Life · Accident · Disability

June 29, 2005

P.O. Box 22325
Pittsburgh, PA 15222-0325
Telephone 800-238-2125
Facsimile 412.402.3222

Joseph Mundy
10548 Tod Drive
Palos Hills, IL 60465

RE:     Claimant's Name:          Joseph Mundy
        Plan Number:              SHD 0985019
        Plan Holder:              Yellow Roadway Corporation
        Administered by:          Life Insurance Company of North America

Dear Mr. Mundy:

We have reviewed your appeal for Short Term Disability benefits, and must regretfully inform you that we must affirm our previous denial of April 7, 2005.

According to the above plan, the definition of disability is defined as:

"You will be considered Totally Disabled, if because of an Injury or Sickness; you are continuously unable to perform all of the substantial and material duties of your occupation."

Your entire file was thoroughly reviewed, including the additional information you submitted in for your appeal. For your appeal, the following information was received:

- Medical Records from for the period of November 19, 2004 through May 6, 2005
- Attending Physician's Statement of Disability from Dr. Gasior dated March 28, 2005
- Letter from Dr. Tess dated May 9, 2005
- Your letter dated June 9, 2005

Our records indicate that you are employed by Yellow Roadway as a Line Dispatcher, which is classified as a sedentary position. You stopped working on January 6, 2005 due to loss of vision in your right eye. Your short term disability was approved through May 15, 2005 and subsequently denied as the medical information did not support continued disability.

A review of your file has been completed. In order to ensure that the medical evidence was interpreted correctly, your file was reviewed by our Medical Director (MD). Following the review of your file, the assessment was that the medical information on file does not support a disability due to your condition.

The available medical records indicate you lost your vision in the right eye for five or six minutes with the entire episode lasting between twenty and forty minutes. You underwent extensive lab work which was normal along with an MRI of the brain that revealed small vessel ischemic changes. As a result of this finding you were referred to Dr. Krates for an eye evaluation and were given a clean bill of health.



PLAINTIFF'S
EXHIBIT
A

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.

In the January 24, 2005 letter from Dr. Markovitz, he indicates you have a "mild polyneuropathy that is almost certainly nutritional in origin." The MRA of the carotid arteries performed January 24, 2005 revealed sixty to seventy percent stenosis, bilaterally with the suggestion of plaquing. On March 26, 2005 Dr. Gasior indicated you had a retinal transient ischemic episode, secondary to the aneurismal changes in you carotid arteries. He suggests you lessen the burden that you experience in your occupation where you work twelve hours a day under continuous stress. He continues to say we would advocate for him to protect him and to facilitate your overall well-being rather than put you at risk for further events in terms of stress-related progression of your disease.

Your physician indicates you should avoid stress, yet there is no indication in the available records that a referral was made to a program targeted at reducing your perceived stress and maintaining a low stress lifestyle. There is no indication of how this issue is being treated let alone how it limits your work activities. While you have been diagnosed with having had a retinal transient ischemic episode and stenosis of the carotid arterties, there is no signs, symptoms or exam findings which would indicate limitations from your work activities.

In summary, there is no documentation of any medically complicating factor associated with your condition nor was there any additional testing or exam findings that would demonstrate restrictions and limitations due to your condition beyond May 15, 2005. Therefore, we must affirm our previous decision to deny benefits.

Based on the information on file, we regretfully inform you that we must affirm our previous decisions to deny benefits under this policy. Please understand that we are in no way stating that your condition does not exist. Rather, we are stating that we do not have sufficient medical information on file supporting disability as defined in the policy.

You may request a review of this decision by writing to the Life Insurance Company of North America representative signing this letter at the address noted on the letterhead. The written request for review must be sent within 180 days of the receipt of this letter. In addition to any written comments, your request for review must include new documentation you wish us to consider. This documentation includes, but is not limited to: copies of office notes, test results, physical examination reports, consultation reports, or any other pertinent medical information.

Under normal circumstances, you will be notified of a decision on your appeal within 45 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the reason for delay within 30 days of receipt of your request, and every 30 days thereafter. A final decision will be made no later than 90 days.

Please note that you have a right to bring legal action regarding your claim under the ERISA section 502(a). You and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local United States Department of Labor Office or your State Insurance Regulatory Agency.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.



CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.

# DOBBS AND HUTCHISON
## ATTORNEYS AT LAW
### 47 WEST POLK STREET
### SUITE M-2
### CHICAGO, ILLINOIS 60605
### (312) 461-9200
### fax (312) 461-9008
### dobbsandhutchison.com

Kenneth P. Dobbs
Roger S. Hutchison

Frankfort Office:
112 West Kansas Street
Frankfort, Illinois 60423
(815) 806-1500

August 16, 2005

Attn: Lori Ann Dreyer
CIGNA Group Insurance
PO Box 22325
Pittsburgh, PA 15222-0325

      Re:    My Client:: Joseph Mundy
                Plan Number: SHD 0985019
                Plan Holder: Yellow Roadway Corporation
                Administered by:  Life Insurance Company of North America

Dear Ms. Dreyer:

Please be advised that we have been retained to represent Mr. Mundy in this matter.

I am also writing this letter to request a copy of Mr. Mundy's claims file pursuant to statute. A release from Mr. Mundy is attached.  Please provide the following:

      a.    All internal rules, guidelines, protocols and so on, referenced or relied upon in making the decision in Mr. Mundy's claim;

      b.    A complete copy of the plan, summary plan description, policy, and any and all attachments and amendments;

      c.    All records, notes, and summaries of phone calls;

      d.    All communications regarding Mr. Mundy;



PLAINTIFF'S
EXHIBIT
B
Blumberg No. 5113

Page 2

e.   All correspondence relating to Mr. Mundy, including but not limited to correspondence to and from Mr. Mundy's treating physicians and to and from Mr. Mundy's former employer;

f.   All information from third-party sources, such as consultants;

g.   All reviews conducted by the insurer's medical personnel;

h.   All medical reviews conducted at the request of the insurer;

i.   The identity and credentials of all medical personnel who reviewed Mr. Mundy's claim;

j.   All vocational reviews conducted by the insurer or at the request of the insurer;

k.   All surveillance and investigative reports;

l.   All reports produced at the request of the insurer regarding Mr. Mundy, her disability, or her claim for benefits;

m.   The names, credentials, and notes of all reviewers;

n.   All documents regarding Mr. Mundy's occupation and the requirements of that occupation, in the possession of the insurer;

o.   All vocational and/or transferable skills analysis reviews; and

p.   Any and all other documented information that may have influenced the insurer's decision to deny Mr. Mundy's claim for benefits.

Thank-you for your attention to this matter.

Very truly yours,

Roger S. Hutchison

KPD/RSH
cc: Joseph Mundy



PLAINTIFF'S EXHIBIT B

# DOBBS AND HUTCHISON
## ATTORNEYS AT LAW
### 47 WEST POLK STREET
### SUITE M-2
### CHICAGO, ILLINOIS 60605
### (312) 461-9200
### fax (312) 461-9008
### dobbsandhutchison.com

**Kenneth P. Dobbs**
**Roger S. Hutchison**

**Frankfort Office:**
**112 West Kansas Street**
**Frankfort, Illinois 60423**
**(815) 806-1500**

January 10, 2005

Ms. Lori Ann Dreyer
CIGNA Group Insurance
P.O. Box 22325
Pittsburgh, PA 15222-0325

   Re:  My Client:  Joseph Mundy
       Plan Number: SHD 0985019
       Plan Holder: Yellow Roadway Corporation
       Administered by: Life Insurance Company of North America

Dear Ms. Dreyer:

We are in the process of gathering additional evidence in support of Mr. Mundy's claim and will forward upon receipt.

We previously forwarded a release and you provided a copy of his file, although the file only included a copy of Mr. Mundy's short-term disability policy. This letter is written to request that your company provide us with a copy of Mr. Mundy's long-term disability policy.

I look forward to your response.

Sincerely,

Roger S. Hutchison

RSH/ad
Encl.



Kimberly Przybylek
Appeals Claim Manager

**CIGNA** Group Insurance
Life · Accident · Disability

January 20, 2006

P.O. Box 22325
Pittsburgh, PA 15222-0325
Telephone  800-238-2125
Facsimile  412.402.3222

Dobbs and Hutchison
Attorneys At Law
47 West Polk Street
Suite M-2
Chicago, IL  60605

RE:    Claimant's Name:      Joseph Mundy
       Plan Number:          SHD 0985019
       Plan Holder:          Yellow Roadway Corporation
       Administered By:      Life Insurance Company of North America

Dear Mr. Mundy:

This letter is in reference to your client, Joseph Mundy's, appeal for Short Term Disability benefits.

We are in receipt of your request for a copy of Mr. Mundy's Long Term Disability policy. Please note, we are preparing a copy and will forward that to you promptly.

To date, we are awaiting the additional information you are submitting for your client's appeal.  As you were previously advised, this information is needed in order to determine your client's functional ability, and whether he satisfies the definition of disability as defined under the plan.

We expect to make a determination on your client's appeal within 45 days and will provide you with periodic status updates until a decision is made.  If additional information is needed or there is a reason for delay, we will contact you immediately.  At the latest, we will contact you within 30 days.

If you should have any questions please contact me at 800.238.2125 extension 3094.

Sincerely,

Kimberly Przybylek
Appeals Claim Manager


PLAINTIFF'S
EXHIBIT
11

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

Kimberly Przybylek
Appeals Claim Manager

**CIGNA** Group Insurance
Life · Accident · Disability

April 25, 2006

Dobbs and Hutchison
Attorneys At Law
47 West Polk Street
Suite M-2
Chicago, IL 60605

P.O. Box 22325
Pittsburgh, PA 15222-0325
Telephone 800-238-2125
extension 3094
Facsimile 412.402.3222

RE:   Claimant's Name:          Joseph Mundy
      Plan Number:              SHD 0985019
      Plan Holder:              Yellow Roadway Corporation
      Administered By:          Life Insurance Company of North America

Dear Mr. Hutchison:

This letter is regarding Mr. Mundy's request to appeal the denial of his Short Term Disability
(STD) claim. We have completed our review and must uphold our prior decisions to deny
STD benefits beyond May 15, 2005.

As you are aware, the STD plan defines Disability as follows:

"You will be considered Totally Disabled, if because of an Injury or Sickness, you are
continuously unable to perform all of the substantial and material duties of your occupation."

For this appeal, the following information was received:

- Your letter of appeal on behalf of your client
- Transcript and deposition of Dr James J. Tess
- Social Security Administration Disability Report – Appeal
- Medical records of Dr. Jose M. Paredes
- Medical records of Dr. Jay Gottfried
- Work history report and Activities of Daily Living Questionnaire
- Test results from Palos Community Hospital
- Job Description
- Medical records of Dr. T. Bartuska



PLAINTIFF'S
EXHIBIT
E

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are
provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance
Company of New York, and Connecticut General Life Insurance Company.

April 25, 2006

Mr. Mundy's file, including the medical information submitted, was reviewed by the Life Insurance Company of North America, claims administrator for the policy in its entirety without deference to prior reviews.

A review of Mr. Mundy's claim information shows that he was employed by Yellow Roadway Corporation as a Linehaul Supervisor/ Dispatcher, which is considered a sedentary duty occupation. STD benefits were denied beyond May 15, 2005, as it was determined Mr. Mundy was found not to be disabled under the terms of his plan.

Sedentary work is defined as exerting up to 10 pounds of force occasionally or a negligible amount of force frequently to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are Sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.

To ensure an accurate interpretation of the medical information on file, Mr. Mundy's file was reviewed by a Life Insurance Company of North America Medical Director (MD).

According to the information provided, Mr. Mundy stopped working January 6, 2005 due to sudden loss of vision in the right eye. This was suggested to be an amaurosis fugax or a temporary loss of vision due to a vascular occlusion. Mr. Mundy had subsequent tests that evaluated the carotid arteries. Mr. Mundy however, was seen by specialists including cardiologist, hematologist and vascular surgeon. The only course of treatment that was felt to be necessary was Plavix and Ecotrin to be used as blood thinners. It was not thought that Coumadin treatment was necessary.    Dr. Tess has also suggested that Mr. Mundy may have some cognitive or memory issues but there was never any neuropsychiatric testing done.

While Mr. Mundy has not undergone neuropsychiatric testing, he was evaluated by a neurologist, Dr. Jay Gottfried on October 21, 2005. At that time, Dr. Gottfried concluded Mr. Mundy's mental status exam was essentially normal and notable only for very mild executive function impairments.

In summary, in order for further benefits to be considered we must be able to establish a condition which prevented Mr. Mundy from performing the demands of his occupation beyond May 15, 2005. In this case, our MD opines the medical documentation provided does not support that Mr. Mundy was limited. Consequently, we must affirm our previous decisions to deny additional STD benefits.

At this point in time, Mr. Mundy has exhausted all administrative levels of appeal and no further appeals will be considered.

Please note that Mr. Mundy has a right to bring legal action regarding his claim under the ERISA section 502(a). His plan may have other voluntary alternative dispute resolution



PLAINTIFF'S
EXHIBIT
E

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

April 25, 2006

options, such as mediation. One way to find out what may be available is to contact the local United States Department of Labor Office or State Insurance Regulatory Agency.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.

Rule 9.19 of the Rules and Regulations of the Illinois Department of Insurance requires that our company advise you that if you wish to take this matter up with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at 160 North LaSalle Street, Chicago, Illinois 60606 and in Springfield at 320 West Washington Street, Springfield, Illinois 62767.

Please review Mr. Mundy's insurance booklet, certificate or coverage information available from his employer to determine if she is eligible for additional benefits. Upon written request, Mr. Mundy may receive a copy of his claim file, free of charge.

Please contact our office at 1-800-238-2125 extension 3094 should you have any questions.

Sincerely,

Kimberly Przybylek
Appeals Claim Manager



"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

# DOBBS & HUTCHISON
Attorneys at Law

47 West Polk Street
Dearborn Station, Suite M-2
Chicago, Illinois 60605
Tel: 312.461.9200
Fax: 312.461.9008
Toll Free: 866.651.7232

Frankfort Office By Appointment:
112 West Kansas Street
Frankfort, Illinois 60423
Tel 815.806.1500
Fax 312.461.9008

DEC 04 2006

November 30, 2006

CIGNA
Attn: Charles Montabon
Gateway View Plaza
1600 West Carson Street, Suite 300
Pittsburgh, PA 15219

Re:    My Client: Joseph Mundy
       Plan Holder: Yellow Roadway Corporation

To Whom It May Concern:

Please find the attached:

Proof of Loss
Disability Questionnaire
Disclosure Authorization
Reimbursement Agreement
Birth Certificate
Social Security Disability - Title II -
    notice of award with disability date of 1/5/05

Please note that the disability determination by SSA was not issued at the time that the second decision was made on the STD application.

Please send a letter of confirmation.   Thank you for your attention to this matter.

Sincerely,

Roger S. Hutchison

RSH/ad
Encl.



PLAINTIFF'S
EXHIBIT

Joseph MUNDY
LINA 00852





Chuck Montabon, FLMI
CIGNA Group Insurance
P250
PO Box 22325
Pittsburgh, PA 15222-0325

Phone: 800-238-2125 ext. 3229
Fax: 412-402-3518

**CIGNA Group Insurance**
Life · Accident · Disability

MR. ROGER HUTCHISON
47 WEST POLK STREET
SUITE M-2
CHICAGO, IL 60605

December 6, 2006

Name:                                JOSEPH MUNDY
Incident Number:                     1509321
Plan/Policy Number:                  FLK0980016
Plan/Policy Holder:                  YELLOW ROADWAY CORP.
Underwriting Company:                Life Insurance Company of North America

DEAR MR. HUTCHISON,

This letter is regarding your Long Term Disability (LTD) claim. After completing our review of your claim, we are unable to approve your claim for benefits.

The contract defines disability as follows:

*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
*1) unable to perform all the material duties of his or her Regular Occupation or a Qualified Alternative; and*
*2) unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been paid for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
*1. unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training, or experience, and*
*2. unable to earn 80% or more of his or her Indexed Earnings."*

We recently completed a review of the information on file. Specifically, this included:
-- Review of all the medical information in Mr. Mundy's short term disability file.

As you may know, Mr. Mundy short term disability claim was denied on 4/27/2005 as the medical did not support his inability to perform his sedentary occupation of Dispatcher. He appeal and the decision was re-affirmed on 6/29/2005. The second appeal sent by your office was reviewed and the decision was again re-affirmed on 4/25/2006.

To make a determination on Mr. Mundy's Long Term Disability claim, his file was sent for an independent review by a Board Certified Hematology/Oncology, Internal Medicine physician. The review was of the entire hard copy of the file, the deposition from Dr. Tess, multiple x-ray scans, consultation from a vascular specialist, neurologist and primary physician. The review indicated that Mr. Mundy has an episode of amaurosis Fugax on 1/5/2005, where he had temporary loss of vision in his right eye which resolved on its own in several minutes. A comprehensive work up was done and it was felt the Mr. Mundy had some degree of stenosis of his internal carotid arteries that did not require surgery. In addition, he had a single genetic abnormality in the area of Factor V Leiden deficiency. This was associated

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Life Insurance Company.



PLAINTIFF'S
EXHIBIT

December 6, 2006
Page 2



with an activated protein C resistance. Mr. Mundy was treated with Plaxiv and aspirin. There is no evidence of progressive disease, recurrent thromboses, visual difficulties or need for carotid artery surgery. The evaluations regarding Mr. Mundy's cognitive and neurological functions indicate that he has anxiety and stress but no deficient neurological function and no evidence of significant cognitive dysfunction.

The result of the review is that the medical information does not support a condition that would prevent Mr. Mundy from performing his occupation of Dispatcher. At this time his claim has been closed and no benefits are payable.

If you disagree with our determination and intend to appeal this claim decision, you must submit a written appeal. This appeal must be received by us within 180 days of receipt of this letter and should be sent to the Life Insurance Company of North America representative signing this letter to the address noted on the letterhead.

You have the right to submit written comments as well as any new documentation you wish us to consider. If you have additional information, it must also be sent for further review to the address noted on this letterhead, within 180 days of receipt of this letter.

Additional information includes, but is not limited to: physician's office notes, hospital records, consultations, test result reports, therapy notes, physical and/or mental limitations, etc. These medical records should cover the period of January 10, 2005, through present.

You may also wish to have your physician(s) provide some or all of the following:
X-rays
MRI's
Consulting reports
Neuro Evaluations

Under normal circumstances, you will be notified of a decision on your appeal within 45 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the reason for delay within 30 days of receipt of your request, and every 30 days thereafter. A final decision will be made no later than 90 days.

You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein. Should you have any information which would prove contrary to our findings, please submit it to us. We will be pleased to review any information you may wish to submit.

Please review your insurance booklet, certificate or coverage information available from your employer to determine if you are eligible for additional benefits.

Part 919 of the Rules and Regulations of the Illinois Department of Insurance requires that our company advise you that if you wish to take this matter up with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at:
100 W. Randolph St, Ste 15-100
Chicago, IL 60601
and in Springfield at:
320 West Washington St.
Springfield, IL 62767



PLAINTIFF'S
EXHIBIT
6

December 6, 2006
Page 3

Please contact our office at 800-238-2125 ext. 3229 should you have any questions.

Sincerely,

*Chuck Montabon*

Chuck Montabon, FLMI
Disability Claim Manager



# DOBBS & HUTCHISON
Attorneys at Law

47 West Polk Street
Dearborn Station, Suite M-2
Chicago, Illinois 60605
312.461.9200

112 West Kansas Street
Frankfort, Illinois 60423
815.806.1500
12.461.9008

*332-42-046* *handwritten*

*Joseph Med Mundy* *handwritten*

*Def Term* *handwritten*

April 4, 2007

CIGNA
Attn: Charles Montabon
Gateway View Plaza
1600 West Carson Street, S.
Pittsburgh, PA 15219

CIGNA
Kimberly Przybylek
P. O. Box 22325
Pittsburgh, PA 15222-0325
(without Attachments)

Re:    My Client: Joseph Mundy
       Plan Holder: Yellow Roadway Corporation

Dear Mr. Montabon and Ms. Przybylek:

Please find the attached:

    Social Security Disability - Notice of Decision - Fully Favorable
        Dated June 27, 2006
    Social Security Disability - Title II -
        Notice of Award with disability date of 1/5/05
        Dated July 25, 2006
    Neuropsychological Evaluation - Alison J. Donnell, Ph.D.
        Dated June 13, 2006
    Social Security Administration - Complete File

This letter is written to request that the Short-Term Disability Denial be reconsidered based upon the evidence listed above, and as an appeal from the Denial of Long-Term Disability Benefits dated December 6, 2006. I have only enclosed attachments to Ms. Montabon, because it is my understanding that your company claims file was passed to him for evaluation of the LTD claim.

PLAINTIFF'S
EXHIBIT
4
Blumberg No. 6113

Joseph MUNDY
LINA 00253

# DOBBS & HUTCHISON
*Attorneys at Law*

Page 2
April 4, 2007

We stand on our argument made with the prior STD appeal and LTD claim, but additionally argue that the evidence above further supports my client's claim. Also, the LTD denial did not discuss the white matter disease found on the 1/13/05 MRI of Mr. Mundy's brain, and does not discuss the fact that Doctor Tess said he may be having smalls strokes and does not have blood going to his head because of 50% external carotoid artery blockage and 70% of internal blockage. Both the STD and LTD denials should be reconsidered based upon all of the evidence, including the neuro-psych exam, which evidences that Mr. Mundy is not able to work, not only because his doctor has ordered him to not subject himself to work stress, but also because he has cognitive deficits.

I look forward to your response.

Please send a letter of confirmation.   Thank you for your attention to this matter.

Sincerely,

Roger S. Hutchison

RSH/ad
Encl.



PLAINTIFF'S EXHIBIT

Joseph MUNDY
LINA 00254

**Restrictions & Limitations**

**Subjective / Objective Findings / Treatment**

**Outstanding Issues and Follow-up Dates**

**Strategy**

4/10/07 received appeal for LTD from Attorney. STD was denied and two appeals denied. Attorney submitted LTD claim and that was also denied after peer review as Dr. Seifer and McCool had already reviewed STD appeal. Attorney has appeal LTD denial and sent in a stack of papers. I see two things that we did not have for original denial. A 3/10/05 letter to Dr. Tess from Dr. Paredes indicating clmt had positive activated protein C resistance and a 6/13/06 neuropsychological eval from Dr. Donnell. Will review with NCM to see if new med would reopen LTD.

4/12/07 -- per staffing medical not sufficent to reopen claim. Route to Appeals

---

| **Last Changed User** | Charles Montabon | | **Last Changed Date** | 04/12/2007 03:04 PM |
|---|---|---|---|---|

| **Status:** | Completed | **Assigned To:** | Charles Montabon | **Created:** | 04/10/2007 04:17 PM |
|---|---|---|---|---|---|



PLAINTIFF'S
EXHIBIT
I

Joseph MUNDY
LINA 00025
4/9/2008

**Lisa Lyle**
Appeals Claim Manager

**CIGNA** Group Insurance
Life · Accident · Disability

August 24, 2007

Routing P250
PO Box 22325
Pittsburgh, PA 15222
Telephone 412.402.3353
Facsimile 412.402.3222

Roger Hutchison
47 West Polk Street
Suite M-2
Chicago, IL 60605

RE:    Claimant:                  Joseph Mundy
       Policy Number:            FLK 0980016
       Account:                  Yellow Roadway Corporation
       Underwriting Company:     Life Insurance Company of North America

Dear Mr. Hutchison:

We have completed our review of Mr. Mundy's appeal for Long Term Disability benefits, and must regretfully inform you that we are affirming the previous denial of his claim.

Under the terms of his policy, in order for benefits to be payable we must have medical documentation supporting Disability. Disability is defined as follows:

> "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1)  unable to perform all the material duties of his or her Regular Occupation or a Qualified Alternative; and
> 2)  unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1)  unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training or experience, and
> 2)  unable to earn 80% or more of his or her Indexed Earnings."

The policy also contains an Elimination Period which is defined as:

> "The Elimination Period is the period of time an Employee must be continuously Disabled before Disability Benefits are payable. The Elimination Period is shown in the Schedule of Benefits." It is shown in the Schedule of



"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by operating subsidiaries and contracted companies and not by CIGNA Corporation. Operating subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

August 24, 2007
Page 2

> Benefits as 6 months and for this claim the Elimination Period was from
> January 5, 2005 through July 4, 2005.

Our records show that at the time Mr. Mundy ceased working on January 5, 2005, he was
employed by Yellow Roadway Corporation as Dispatcher. This occupation is considered
sedentary in nature.

His complete claim file, including any additional information submitted was reviewed in its
entirety without deference to prior reviews. To ensure appropriate interpretation of the
medical information, Independent Peer Reviews were completed by Dr. John P. Shallcross and
Dr. R. Kevin Smith. Dr. Shallcross is a licensed clinical psychologist and Dr. Smith is Board
Certified in Occupational and Environmental Medicine.

Dr. Shallcross reviewed the medical documentation on file and concluded it is not supportive
of a global neurocognitive/functional impairment that would have precluded all work
capacity. He advised the information leading up to the neuropsychological testing completed
on June 13, 2006, is not convincing of a cognitive/functional impairment. He noted the
mental status evaluations from a variety of providers are all entirely within normal limits.
Also, Mr. Mundy saw a psychiatrist briefly in 2005, however, there is no indication that he
had any psychotherapy, ongoing psychiatric medication management or counseling during
this timeframe. Dr. Shallcross advised this is not consistent with a neurocognitive/functional
impairment that would preclude all work capacity.

The review of the medical documentation by Dr. Smith also included a review of Dr.
Shallcross' report. Dr. Smith advised that Mr. Mundy has been out of work since January 5,
2005 when he had sudden, painless loss of vision. This was subsequently diagnosed as
amaurosis fugax. Dr. Smith noted Mr. Mundy had an extensive workup and was found to
have fusiform dilatation of both carotid arteries and some evidence of stenosis of the mid
basilar artery. Also, the cardiac workup was unremarkable. He did have a clotting factor
abnormality. Based on the severity of Mr. Mundy's complaints, extensive workup and
initiation of treatment he would have been unable to work from January 5, 2005 through only
March 26, 2005 when the work up had been completed and treatment was initiated. Dr.
Smith advised the records do not support Mr. Mundy's inability to function from March 27,
2005 from a physical perspective.

Although Mr. Mundy ceased working due to sudden vision loss and underwent extensive work
up, restrictions beyond March 26, 2005, preventing the performance of his occupation are not
supported. Neither the documentation regarding a physical or psychological condition is
indicative of Mr. Mundy's inability to perform his occupation beyond March 26, 2005. A
review of the medical information provided did not reveal a severity of his conditions which
would preclude the performance of his own occupational duties throughout the Elimination
Period and he did not continuously meet the definition of disability throughout this time.
Therefore, we must affirm our previous decision to deny Long Term Disability benefits.

You or Mr. Mundy may request a review of this decision by writing to the Life Insurance
Company of North America representative signing this letter at the address noted on the
letterhead. The written request for review must be sent within 180 days of the receipt of this



PLAINTIFF'S
EXHIBIT

August 24, 2007
Page 3

letter. In addition to any written comments, your request for review must include new documentation you wish us to consider.

This documentation includes, but is not limited to, physician's office notes, therapy notes, hospital records, consultation reports, test result reports and Independent Medical Exams. The information provided must support his inability to perform his occupation throughout the Elimination Period.

Under normal circumstances, you will be notified of a decision on the appeal within 45 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the reason for delay within 30 days of receipt of your request, and every 30 days thereafter. A final decision will be made no later than 90 days.

Please note that Mr. Mundy has a right to bring legal action regarding his claim under the ERISA section 502(a). Mr. Mundy and his plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact his local United States Department of Labor Office or his State Insurance Regulatory Agency.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.

Please review Mr. Mundy's insurance booklet, certificate or coverage information available from his employer to determine if he is eligible for additional benefits. Upon written request, you or Mr. Mundy may receive a copy of the claim file, free of charge.

Sincerely,

Lisa Lyle
Appeals Claim Manager

