IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MUNDY,<br>    Plaintiff,<br>v.<br>LIFE INSURANCE COMPANY OF NORTH AMERICA, *et al.*,<br>    Defendants. | Case No. 08-cv-01576<br>Hon. Elaine E. Bucklo |

**DEFENDANT YELLOW TRANSPORTATION, INC.'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Yellow maintains that the Court should decline to exercise supplemental jurisdiction over Mundy's claim for Short-Term Income Replacement Plan ("STIR") benefits because this claim will substantially predominate over his ERISA claim for benefits under the Yellow Roadway Corporation Long-Term Disability Insurance Plan (the "LTD Plan"). As set forth in Yellow's initial brief and below, Mundy's LTD claim will be decided by the Court based upon the administrative record before the claims administrator. In contrast, his STIR claim is subject to discovery, and Mundy has demanded a jury trial on this count. Thus, if the Court retains jurisdiction over the STIR claim, it will effectively be hearing two different cases as one: a limited administrative review of Mundy's ERISA claim under an arbitrary and capricious standard, and a separate breach of contract case under Illinois state law.

In opposition to Yellow's motion, Mundy initially argues that his STIR claim arises from the same controversy as his ERISA claim. However, the issue raised by Yellow's motion is not whether the Court *could* exercise jurisdiction, but whether it *should* do so, given that Mundy's STIR claim will predominate over his claim for LTD benefits. While Mundy's STIR and ERISA claims arose from the same medical condition, Mundy's assertion that the claims arise from "the exact same set of facts" (Pl. Br. at 4) ignores that, for purposes of his lawsuit, the "facts" of his

1

ERISA claim are limited to those included in the administrative record presented to the claims administrator. In contrast, Mundy will presumably seek discovery and attempt to introduce facts beyond the administrative record in support of his STIR claim.

Mundy suggests in his Response that there is some question as to whether his ERISA claim will be governed by a "de novo standard or a deferential standard," asserting that "LINA, the defendant to Count II, has not yet pled as affirmative matter that the standard in this case is deferential." However, as set forth in Yellow's initial brief, the LTD Plan clearly confers discretion upon the Plan Administrator's designated agent for adjudicating claims, and is therefore subject to "arbitrary and capricious" review based upon the administrative record. *Perlman v. Swiss Bank Corp. Comprehensive Disab. Protection Plan*, 195 F.3d 975, 981-82 (7th Cir. 1999). Counsel for LINA and the LTD Plan has made it clear that this is the LTD Plan's position, and Mundy concedes as much in his brief. Pl. Br. at 5.

The Supreme Court's recent decision in *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008) does not alter the essential difference in proof between Mundy's STIR claim and his ERISA claim. In *Glenn*, the Court held only that an insurance company's dual role as both insurer and claims administrator should be considered as a factor in weighing whether the company abused its discretion. Even if Mundy were correct that this case opens the possibility of additional discovery in cases subject to the arbitrary and capricious standard of review (a matter that the Supreme Court did not address), such discovery would not bear upon the issue raised by Mundy's state law claim – that is, whether he was contractually entitled to benefits under Yellow's STIR Plan.

In light of the foregoing, Mundy's assertion that dismissing Count I of his Complaint would result in simultaneous proceedings on the same set of facts is incorrect. Mundy's STIR

2

claim is separate and distinct from his ERISA claim for LTD benefits. Even if Mundy were permitted to take limited discovery for purposes of his ERISA claim, such discovery would not bear on the issues presented by his STIR claim. Conversely, any discovery permitted under his STIR claim would be irrelevant to the Court's consideration of his LTD claim. Further, because the Court's administrative review of the LTD claim will be based solely upon the administrative record, the Court will effectively be required to conduct separate proceedings on Mundy's breach of contract claim even if it retains jurisdiction. In short, Mundy's STIR claim substantially predominates over his LTD claim. Under these circumstances, it is wholly appropriate for the Court to decline to exercise its supplemental jurisdiction.

                Respectfully submitted,

                YELLOW TRANSPORTATION, INC.

                By: s/William R. Pokorny - 06275705
                    wrp@franczek.com

Lisa A. McGarrity - 06198304
lam@franczek.com
William R. Pokorny
FRANCZEK SULLIVAN, P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606-6785
(312) 986-0300

Dated: July 11, 2008

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby states that a true and correct copy of the foregoing **DEFENDANT YELLOW TRANSPORTATION, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS,** has been filed with the Clerk of the Court using the CM/ECF system on this 11th day of July, 2008, which will send notification to the following counsel of record:

Kenneth Paul Dobbs
roghutch@prodigy.net
Roger Sanford Hutchison
rsh@dobbsandhutchison.com
Dobbs and Hutchison
47 West Polk Street
Suite M-2
Chicago, IL 60605
(312) 461-9200

Peter S. Pederson
Hinshaw & Culbertson, LLP
222 N. LaSalle Street
Suite 300
Chicago, Illinois 60601
(312) 704-3000


    s/William R. Pokorny - 06275705____
         wrp@franczek.com

Lisa A. McGarrity - 06198304
lam@franczek.com
FRANCZEK SULLIVAN, P.C.
300 South Wacker Drive
Suite 3400
Chicago, IL 60606-6785
(312) 986-0300

4

381043.1