UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH MUNDY,                                  )
                                               )
            Plaintiff,                         )    No.   08 C 1576
                                               )
     vs.                                       )
                                               )
                                               )
LIFE INSURANCE COMPANY OF NORTH AMERICA,)
In its capacity as Administrator of the )
Yellow Roadway Corporation Long-Term    )
Disability Benefits Plan,               )
YELLOW ROADWAY CORPORATION LONG-TERM    )
DISABILITY BENEFITS PLAN,               )
YELLOW TRANSPORTATION, INC.,            )
                                        )
            Defendants.                 )

## PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY TO SUPPLEMENT THE ADMINISTRATIVE RECORD, REGARDING COUNT II OF THE SECOND AMENDED COMPLAINT

1.   Plaintiff was granted leave to file this motion by today, July 23, 2008.

2.   Defendant, LINA, has filed the 'Administrative Record' in this matter.

3.   Plaintiff hereby stipulates that Count II is a Complaint filed under ERISA, which, based upon the language of the Plan, shall be subject to a deferential 'arbitrary and capricious' standard of review.

4.   Plaintiff requests that the following additional information and documents be produced:

    A.    The claims manual that governed the claims managers and other employees that investigated and made the decision to deny benefits.

    B.    Any other internal rules, guidelines, and protocols referenced or relied upon in making the decision to deny benefits.

    C.    Information and records regarding the business relationship between the doctors who reviewed the claim on behalf of LINA in both the Short Term Disability and Long Term Disability claims made by Mundy, including the nature of the employment or independent contractor relationship, the amount of compensation I this and other cases reviewed for LINA, the number of cases reviewed by each of the doctors on behalf of LINA, and the opinions reached by the doctors, either denying or granting said claims.

5.    The Plaintiff is attempting to seek the information and documents because they may reasonably lead to evidence to show that LINA evidenced a conflict of interest, was arbitrary and capricious, and violated claims procedures when it denied the claim.

6.    Although discovery in ERISA cases is normally limited to the Administrative Record, there are circumstances in which the courts will allow additional, limited discovery. <u>Semian v. Life Insurance Company of North America</u>, 436 F.3d 805, 813-816 (7th Cir., Feb., 2006) "By allowing limited discovery in cases where a prima facie showing of impropriety has been made, district courts ensure that the 'arbitrary and capricious' standard of review is not toothless." <u>Id.</u> at 814.

7. "A claimant must demonstrate two factors before limited discovery becomes appropriate. First, a claimant must identify a specific conflict of interest or instance of misconduct. Second, a claimant must make a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination." Id. at 815, citing to, Bennett v. Unum Life Ins. Co. of Am., 321 F.Supp.2d 925, 932-33 (E.D. Tenn. 2004)

8. In this matter, the Life Insurance Company of North America is the insurer and the Administrator of the Plan, and therefore, there is a conflict of interest that should considered by the Court as a 'factor'. Metropolitan Life Insurance Company v. Glenn, 128 S. Ct. 2343 (June 19, 2008); citing to Firestone Tire & Rubber Co. v. Bruch, 109 S.Ct. 948.

9. The good cause to believe that limited discovery will reveal a procedural defect in the plan administrator's decision to deny benefits is the fact that LINA appears to have bootstrapped its Long Term Disability Denial to the Short Term Disability denial. The following facts support the prima facie showing of good cause:

| | |
|---|---|
| November 30, 2006 | Mundy filed a claim for LTD benefits with LINA, but did not re-submit the extensive medical records submitted previously to the STD claims manager. (Exhibit A) |

3

| | |
|---|---|
| December 6, 2006 | LINA summarily denied the claim for STD benefits after "Review of all the medical information in Mr. Mundy's short term disability file." (Exhibit B) |
| April 4, 2007 | Mundy simultaneously requested reconsideration of the STD Denial, and appealed the LTD denial, with additional information, including the Fully Favorable Decision by the Social Security Administration and a new neuropsych exam. (Exhibit C) |
| April 10, 2007 | Note in LINA's file that LINA received appeal on April 10, 2007. Person making note stated that STD claim was denied twice, and that the two doctors who had reviewed STD appeal were considered in LTD claim. (Exhibit D) |
| August 24, 2007 | LINA issued a final denial of LTD benefits. (Exhibit J) |

10. The Plaintiff asserts that the requested discovery will support the Plaintiff's argument to the Court that LINA's determination was flawed, was arbitrary and capricious, and violated claims procedures, in that its first Long Term Disability denial occurred only 6 days after the claim and was clearly a reiteration of the Short Term Disability denial. Furthermore, when reviewing its Long Term Disability denial, LINA again relied upon the Short Term Disability denial, and its

4

doctors, who were compensated by LINA to review the claim during the Short Term Disability process.

WHEREFORE, the Plaintiff requests that he be granted leave to conduct limited discovery in regards to the conflict of interest issue.

Respectfully submitted,

_____
Attorney for Plaintiff

Kenneth P. Dobbs
Roger S. Hutchison
Dobbs and Hutchison
47 West Polk Street
Suite M-2
Chicago, Il 60605
312-461-9800

# DOBBS & HUTCHISON
Attorneys at Law

47 West Polk Street
Dearborn Station, Suite M-2
Chicago, Illinois 60605
Tel: 312.461.9200
Fax: 312.461.9008
Toll-Free: 866.651.7232

Satellite Office By Appointment:
112 West Kansas Street
Frankfort, Illinois 60423
Tel: 815.806.1500
Fax: 312.461.9008

DEC 04 2006

November 30, 2006

CIGNA
Attn: Charles Montabon
Gateway View Plaza
1600 West Carson Street, Suite 300
Pittsburgh, PA 15219

    Re:   My Client: Joseph Mundy
          Plan Holder: Yellow Roadway Corporation

To Whom It May Concern:

Please find the attached:

  Proof of Loss
  Disability Questionnaire
  Disclosure Authorization
  Reimbursement Agreement
  Birth Certificate
  Social Security Disability - Title II -
     notice of award with disability date of 1/5/05

Please note that the disability determination by SSA was not issued at the time that the second decision was made on the STD application.

Please send a letter of confirmation.  Thank you for your attention to this matter.

Sincerely,

Roger S. Hutchison

RSH/ad
Encl.



PLAINTIFF'S EXHIBIT A

Joseph MUNDY
LINA 00852

Chuck Montabon, FLMI
CIGNA Group Insurance
P250
PO Box 22325
Pittsburgh, PA 15222-0325

Phone: 800-238-2125 ext. 3229
Fax: 412-402-3518



**CIGNA Group Insurance**
Life · Accident · Disability



MR. ROGER HUTCHISON
47 WEST POLK STREET
SUITE M-2
CHICAGO, IL 60605

December 6, 2006

| | |
|---|---|
| Name: | JOSEPH MUNDY |
| Incident Number: | 1509321 |
| Plan/Policy Number: | FLK0980016 |
| Plan/Policy Holder: | YELLOW ROADWAY CORP. |
| Underwriting Company: | Life Insurance Company of North America |

DEAR MR. HUTCHISON,

This letter is regarding your Long Term Disability (LTD) claim. After completing our review of your claim, we are unable to approve your claim for benefits.

The contract defines disability as follows:

*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
*1) unable to perform all the material duties of his or her Regular Occupation or a Qualified Alternative; and*
*2) unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been paid for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
*1. unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training, or experience, and*
*2. unable to earn 80% or more of his or her Indexed Earnings."*

We recently completed a review of the information on file. Specifically, this included:
-- Review of all the medical information in Mr. Mundy's short term disability file.

As you may know, Mr. Mundy short term disability claim was denied on 4/27/2005 as the medical did not support his inability to perform his sedentary occupation of Dispatcher. He appeal and the decision was re-affirmed on 6/29/2005. The second appeal sent by your office was reviewed and the decision was again re-affirmed on 4/25/2006.

To make a determination on Mr. Mundy's Long Term Disability claim, his file was sent for an independent review by a Board Certified Hematology/Oncology, Internal Medicine physician. The review was of the entire hard copy of the file, the deposition from Dr. Tess, multiple x-ray scans, consultation from a vascular specialist, neurologist and primary physician. The review indicated that Mr. Mundy has an episode of amaurosis Fugax on 1/5/2005, where he had temporary loss of vision in his right eye which resolved on its own in several minutes. A comprehensive work up was done and it was felt the Mr. Mundy had some degree of stenosis of his internal carotid arteries that did not require surgery. In addition, he had a single genetic abnormality in the area of Factor V Leiden deficiency. This was associated

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are pr[ovided by these] subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, a[nd Connecticut General] Life Insurance Company.


PLAINTIFF'S EXHIBIT B

December 6, 2006
Page 2



with an activated protein C resistance. Mr. Mundy was treated with Plaxiv and aspirin. There is no evidence of progressive disease, recurrent thromboses, visual difficulties or need for carotid artery surgery. The evaluations regarding Mr. Mundy's cognitive and neurological functions indicate that he has anxiety and stress but no deficient neurological function and no evidence of significant cognitive dysfunction.

The result of the review is that the medical information does not support a condition that would prevent Mr. Mundy from performing his occupation of Dispatcher. At this time his claim has been closed and no benefits are payable.

If you disagree with our determination and intend to appeal this claim decision, you must submit a written appeal. This appeal must be received by us within 180 days of receipt of this letter and should be sent to the Life Insurance Company of North America representative signing this letter to the address noted on the letterhead.

You have the right to submit written comments as well as any new documentation you wish us to consider. If you have additional information, it must also be sent for further review to the address noted on this letterhead, within 180 days of receipt of this letter.

Additional information includes, but is not limited to: physician's office notes, hospital records, consultations, test result reports, therapy notes, physical and/or mental limitations, etc. These medical records should cover the period of January 10, 2005, through present.

You may also wish to have your physician(s) provide some or all of the following:
X-rays
MRI's
Consulting reports
Neuro Evaluations

Under normal circumstances, you will be notified of a decision on your appeal within 45 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the reason for delay within 30 days of receipt of your request, and every 30 days thereafter. A final decision will be made no later than 90 days.

You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein. Should you have any information which would prove contrary to our findings, please submit it to us. We will be pleased to review any information you may wish to submit.

Please review your insurance booklet, certificate or coverage information available from your employer to determine if you are eligible for additional benefits.

Part 919 of the Rules and Regulations of the Illinois Department of Insurance requires that our company advise you that if you wish to take this matter up with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at:
100 W. Randolph St, Ste 15-100
Chicago, IL 60601
and in Springfield at:
320 West Washington St.
Springfield, IL 62767



PLAINTIFF'S EXHIBIT B

December 6, 2006
Page 3

Please contact our office at 800-238-2125 ext. 3229 should you have any questions.

Sincerely,

*Chuck Montabon*

Chuck Montabon, FLMI
Disability Claim Manager



PLAINTIFF'S EXHIBIT B

# DOBBS HUTCHISON
*Attorneys at Law*

47 West Polk Street
Dearborn Station, Suite M-2
Chicago, Illinois 60605
312.461.9200

112 West Kansas Street
Frankfort, Illinois 60423
815.806.1500
12.461.9008

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

Joseph Matt Mundy

Dr. Term

April 4, 2007

CIGNA
Attn: Charles Montabon
Gateway View Plaza
1600 West Carson Street, S
Pittsburgh, PA 15219

CIGNA
Kimberly Przybylek
P. O. Box 22325
Pittsburgh, PA 15222-0325
(without Attachments)

Re: My Client: Joseph Mundy
Plan Holder: Yellow Roadway Corporation

Dear Mr. Montabon and Ms. Przybylek:

Please find the attached:

Social Security Disability - Notice of Decision - Fully Favorable
Dated June 27, 2006
Social Security Disability - Title II -
Notice of Award with disability date of 1/5/05
Dated July 25, 2006
Neuropsychological Evaluation - Alison J. Donnell, Ph.D.
Dated June 13, 2006
Social Security Administration - Complete File

This letter is written to request that the Short-Term Disability Denial be reconsidered based upon the evidence listed above, and as an appeal from the Denial of Long-Term Disability Benefits dated December 6, 2006. I have only enclosed attachments to Ms. Montabon, because it is my understanding that your company claims file was passed to him for evaluation of the LTD claim.

PLAINTIFF'S EXHIBIT

Joseph MUNDY
LINA 00253

# DOBBS & HUTCHISON

Page 2
April 4, 2007

We stand on our argument made with the prior STD appeal and LTD claim, but additionally argue that the evidence above further supports my client's claim. Also, the LTD denial did not discuss the white matter disease found on the 1/13/05 MRI of Mr. Mundy's brain, and does not discuss the fact that Doctor Tess said he may be having smalls strokes and does not have blood going to his head because of 50% external carotoid artery blockage and 70% of internal blockage. Both the STD and LTD denials should be reconsidered based upon all of the evidence, including the neuro-psych exam, which evidences that Mr. Mundy is not able to work, not only because his doctor has ordered him to not subject himself to work stress, but also because he has cognitive deficits.

I look forward to your response.

Please send a letter of confirmation. Thank you for your attention to this matter.

Sincerely,

Roger S. Hutchison

RSH/ad
Encl.



PLAINTIFF'S EXHIBIT
C

Joseph MUNDY
LINA 00254

Restrictions & Limitations

Subjective / Objective Findings / Treatment

Outstanding Issues and Follow-up Dates

Strategy

4/10/07 received appeal for LTD from Attorney. STD was denied and two appeals denied. Attorney submitted LTD claim and that was also denied after peer review as Dr. Seifer and McCool had already reviewed STD appeal. Attorney has appeal LTD denial and sent in a stack of papers. I see two things that we did not have for original denial. A 3/10/05 letter to Dr. Tess from Dr. Paredes indicating clmt had positive activated protein C resistance and a 6/13/06 neuropsychological eval from Dr. Donnell. Will review with NCM to see if new med would reopen LTD.
4/12/07 -- per staffing medical not sufficent to reopen claim. Route to Appeals

| Last Changed User | Charles Montabon | | Last Changed Date | 04/12/2007 03:04 PM |
|---|---|---|---|---|
| **Status:** Completed | **Assigned To:** | Charles Montabon | **Created:** | 04/10/2007 04:17 PM |



PLAINTIFF'S EXHIBIT

Joseph MUNDY
LINA  00025

Lisa Lyle
Appeals Claim Manager

**CIGNA Group Insurance**
Life · Accident · Disability

August 24, 2007

Routing P250
PO Box 22325
Pittsburgh, PA 15222
Telephone 412.402.3353
Facsimile 412.402.3222

Roger Hutchison
47 West Polk Street
Suite M-2
Chicago, IL 60605

RE: Claimant:            Joseph Mundy
    Policy Number:       FLK 0980016
    Account:             Yellow Roadway Corporation
    Underwriting Company: Life Insurance Company of North America

Dear Mr. Hutchison:

We have completed our review of Mr. Mundy's appeal for Long Term Disability benefits, and must regretfully inform you that we are affirming the previous denial of his claim.

Under the terms of his policy, in order for benefits to be payable we must have medical documentation supporting Disability. Disability is defined as follows:

> "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1) unable to perform all the material duties of his or her Regular Occupation or a Qualified Alternative; and
> 2) unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1) unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training or experience, and
> 2) unable to earn 80% or more of his or her Indexed Earnings."

The policy also contains an Elimination Period which is defined as:

> "The Elimination Period is the period of time an Employee must be continuously Disabled before Disability Benefits are payable. The Elimination Period is shown in the Schedule of Benefits." It is shown in the Schedule of


PLAINTIFF'S EXHIBIT E

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by operating subsidiaries and contracted companies and not by CIGNA Corporation. Operating subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

August 24, 2007
Page 2

    Benefits as 6 months and for this claim the Elimination Period was from January 5, 2005 through July 4, 2005.

Our records show that at the time Mr. Mundy ceased working on January 5, 2005, he was employed by Yellow Roadway Corporation as Dispatcher. This occupation is considered sedentary in nature.

His complete claim file, including any additional information submitted was reviewed in its entirety without deference to prior reviews. To ensure appropriate interpretation of the medical information, Independent Peer Reviews were completed by Dr. John P. Shallcross and Dr. R. Kevin Smith. Dr. Shallcross is a licensed clinical psychologist and Dr. Smith is Board Certified in Occupational and Environmental Medicine.

Dr. Shallcross reviewed the medical documentation on file and concluded it is not supportive of a global neurocognitive/functional impairment that would have precluded all work capacity. He advised the information leading up to the neuropsychological testing completed on June 13, 2006, is not convincing of a cognitive/functional impairment. He noted the mental status evaluations from a variety of providers are all entirely within normal limits. Also, Mr. Mundy saw a psychiatrist briefly in 2005, however, there is no indication that he had any psychotherapy, ongoing psychiatric medication management or counseling during this timeframe. Dr. Shallcross advised this is not consistent with a neurocognitive/functional impairment that would preclude all work capacity.

The review of the medical documentation by Dr. Smith also included a review of Dr. Shallcross' report. Dr. Smith advised that Mr. Mundy has been out of work since January 5, 2005 when he had sudden, painless loss of vision. This was subsequently diagnosed as amaurosis fugax. Dr. Smith noted Mr. Mundy had an extensive workup and was found to have fusiform dilatation of both carotid arteries and some evidence of stenosis of the mid basilar artery. Also, the cardiac workup was unremarkable. He did have a clotting factor abnormality. Based on the severity of Mr. Mundy's complaints, extensive workup and initiation of treatment he would have been unable to work from January 5, 2005 through only March 26, 2005 when the work up had been completed and treatment was initiated. Dr. Smith advised the records do not support Mr. Mundy's inability to function from March 27, 2005 from a physical perspective.

Although Mr. Mundy ceased working due to sudden vision loss and underwent extensive work up, restrictions beyond March 26, 2005, preventing the performance of his occupation are not supported. Neither the documentation regarding a physical or psychological condition is indicative of Mr. Mundy's inability to perform his occupation beyond March 26, 2005. A review of the medical information provided did not reveal a severity of his conditions which would preclude the performance of his own occupational duties throughout the Elimination Period and he did not continuously meet the definition of disability throughout this time. Therefore, we must affirm our previous decision to deny Long Term Disability benefits.

You or Mr. Mundy may request a review of this decision by writing to the Life Insurance Company of North America representative signing this letter at the address noted on the letterhead. The written request for review must be sent within 180 days of the receipt of this


PLAINTIFF'S EXHIBIT E

August 24, 2007
Page 3

letter. In addition to any written comments, your request for review must include new documentation you wish us to consider.

This documentation includes, but is not limited to, physician's office notes, therapy notes, hospital records, consultation reports, test result reports and Independent Medical Exams. The information provided must support his inability to perform his occupation throughout the Elimination Period.

Under normal circumstances, you will be notified of a decision on the appeal within 45 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the reason for delay within 30 days of receipt of your request, and every 30 days thereafter. A final decision will be made no later than 90 days.

Please note that Mr. Mundy has a right to bring legal action regarding his claim under the ERISA section 502(a). Mr. Mundy and his plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact his local United States Department of Labor Office or his State Insurance Regulatory Agency.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.

Please review Mr. Mundy's insurance booklet, certificate or coverage information available from his employer to determine if he is eligible for additional benefits. Upon written request, you or Mr. Mundy may receive a copy of the claim file, free of charge.

Sincerely,

Lisa Lyle
Appeals Claim Manager


PLAINTIFF'S EXHIBIT E