# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1576 | **DATE** | 8/11/2008 |
| **CASE TITLE** | Mundy vs. Yellow Transportation Co., Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss (34) is denied. See the Minute Order for details.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Joseph Mundy's second amended complaint ("complaint") alleges breach of contract against defendant Yellow Transportation, Inc. ("YTI") (count I), and seeks recovery of disability income benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 28 U.S.C. § 1132(a)(1)(b), against defendants Life Insurance Company of North America ("LICNA") and Yellow Roadway Corporation Long-Term Disability Benefits Plan ("Plan") (count II). Count I alleges that YTI, Mundy's former employer, denied him short-term disability benefits from May 15, 2005 to July 6, 2005. Count II alleges that LICNA and the Plan denied Mundy long-term disability benefits from July 7, 2005 to the present. The complaint alleges that count I "is an ancillary state claim" to count II. YTI has moved to dismiss count I pursuant to FED. R. CIV. P. 12(b)(1) and 28 U.S.C. § 1367(c)(2) on the ground that the state law breach of contract claim will predominate over the ERISA claim. For the following reasons, I deny the motion.

YTI does not dispute that supplemental jurisdiction exists, as required under § 1367(a). Section 1367(a) requires that "the state and federal claims derive from a common nucleus of operative facts." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). "A loose factual connection between the claims is generally sufficient." *Id.* Mundy asserts claims, based on the same alleged disability, against different parties that involve denials of different types of disability benefits for different periods of time. But count I alleges that the short-term disability benefits were denied "based upon the claim by the defendants that Mundy's disabilities did not meet the language of the plan." (Second Am. Compl. ¶ 10.) This allegation indicates that all defendants were involved in the denial of benefits upon which count I is based, and therefore suggests that the underlying facts are connected.

YTI first argues that I should decline to exercise supplemental jurisdiction over count I because count II is subject to deferential review, i.e. review on the administrative record alone, while discovery will be permitted for count I. YTI also argues that I should decline to exercise supplemental jurisdiction over count I because Mundy is not entitled to a jury trial on count II, but he has demanded a jury trial on count I. Mundy responds that count II will be subject either to *de novo* or deferential review; if deferential review applies, then the United States Supreme Court's recent decision in *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008),

**STATEMENT**

"should lead to increased discovery in 'deferential standard' ERISA cases[;]" and, if count II were subject to *de novo* review, then discovery would be permitted. Mundy further responds that dismissal would result in simultaneous federal and state court actions concerning the same set of facts.

First, YTI contends that deferential review of count II is proper based on a document identified by its affiant as the "Summary Plan Description for the Yellow Roadway Corporation Long-Term Disability Insurance Plan," which contains language that "confers discretion upon the administrator's designated agent for adjudicating claims." Neither party addresses, however, the relationship between this document (titled "Group Disability Insurance Certificate") and the document Mundy identified as "a copy of the Plan" (second am. compl. ¶ 21) attached to the complaint (titled "Group Long Term Disability"), which does not contain the language upon which YTI relies. Thus, there is a factual dispute about what document controls, which cannot be decided on this motion, that will impact what standard of review applies.

Second, YTI cites no authority for declining to exercise supplemental jurisdiction where all counts are not triable by jury. Even though Mundy has made a jury demand as to count I, that alone does not persuade me not to exercise supplemental jurisdiction.