UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH MUNDY,                              )
                                           )
                Plaintiff,                 )    No.   08 C 1576
                                           )
         vs.                               )
                                           )
                                           )
LIFE INSURANCE COMPANY OF NORTH AMERICA,   )
In its capacity as Administrator of the    )
Yellow Roadway Corporation Long-Term       )
Disability Benefits Plan,                  )
YELLOW ROADWAY CORPORATION LONG-TERM       )
DISABILITY BENEFITS PLAN,                  )
YELLOW TRANSPORTATION, INC.,               )
                                           )
                Defendants.                )

**PLAINTIFF'S MOTION TO VACATE STIPULATION TO STANDARD OF REVIEW
AND MOTION FOR LEAVE TO FILE
AN AMENDED MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

1. Plaintiff was granted leave to file a Motion for Leave to Conduct Limited Discovery in regards to Count II of the Second Amended Complaint by July 23, 2008, and Plaintiff did in fact file said motion on that date.

2. Defendants to Count II, Life Insurance Company of North America and Yellow Roadway Corporation Long-Term Disability Benefits Plan, have not filed a response to the motion, and on August 12, 2008, filed an unopposed motion for an extension of time to respond, until August 19, 2008.

3. Plaintiff, in the Motion for Leave to Conduct Limited Discovery to Supplement the Administrative Record, Regarding Count II of the Second Amended Complaint, filed on July 23, 2008, stated:

> Plaintiff hereby stipulates that Count II is a Complaint filed under ERISA, which, based upon the language of the Plan, shall be subject to a deferential 'arbitrary and capricious' standard of review. (Motion, Page 1, Par. 3)

4. Plaintiff thereafter argued the motion as if the deferential standard would apply, and did not alternatively argue the motion in regards to 'de novo' review.

5. Upon receiving this Court's ruling on the Motion to Dismiss Count I, dated August 11, 2008, in which this Court referred to the discrepancy between the "Group Policy" (Exhibit B of Plaintiff's Second Amended Complaint) and the "Group Insurance Certificate" (Exhibit A of Defendant Yellow Transportation, Inc.'s Motion to Dismiss Count I), counsel for Plaintiff further researched the matter, and has determined that there is a question of fact and law in regards to the standard of review.

6. Counsel for Plaintiff was relying on the argument of the employer, Yellow Transportation, Inc., in the Motion to Dismiss, that the deferential standard of review applies, when

the stipulation was added to the Motion for Leave to Conduct Limited Discovery against the other Defendants.

7. In fact, as this Court pointed out, although the "Group Insurance Certificate" does contain deferential review language in the first paragraph of Page 17 (Exhibit A of Defendant Yellow Transportation Inc.'s Motion to Dismiss, p. 17), the "Group Policy" does not contain any language in regards to a deferential standard of review. (Exhibit A of the Second Amended Complaint)

8. The "Group Insurance Certificate" states:

> This is not the insurance contract. It does not waive or alter any of the terms of the Policy. If questions arise, the Policy will govern. You may examine the Policy at the office of the Policyholder or the Administrator.

Because the document refers to the Policy, but states that it is not part of the policy, the Defendants are not entitled to the deferential standard in regards to Count II. Schwartz v. Prudential Ins. Co. of America, 450 F.3d 697 (7th Cir., 2006)(the 7th Circuit found that where the deferential standard of review was not invoked in the plan, de novo review would apply, despite the fact that deferential review was included in the summary plan description). See also, Diaz v. Prudential Ins. Co. of America, 424 F.3d 635, (7th Cir., September 20, 2005), and Lauth

v. Prudential Insurance Company of America, 2006 WL 1302355 (N.D.Ill.)

9. Furthermore, although the affidavit attached to Yellow Transporation, Inc.'s Motion to Dismiss stated that the document is "a true and accurate copy of the Summary Plan Description", the affidavit does not state that it was true and accurate as of January 5, 2005, the alleged date of disability in the Complaint, and the last page of the document is dated "03/2005". There is a question of fact in this regard that remains to be resolved.

10. It would be in the interest of judicial economy and would be substantially just for Plaintiff's stipulation to be vacated because:

    a) The stipulation was unilateral.

    b) The Defendants to Count II have not yet filed a brief in reliance on the stipulation.

    c) The Court has not ruled or otherwise acted in reliance on the stipulation.

11. If this court vacates the unilateral stipulation, the Plaintiff requests leave to file an Amended Motion for Leave to Conduct Limited Discovery within seven (7) days of the courts ruling, and asks that the subsequent briefing scheduled be re-

4

set to allow the Defendants to Count II sufficient time to respond.

WHEREFORE, the Plaintiff requests that the stipulation to the standard of review be vacated, and that he be granted leave to file an Amended Motion for Leave to Conduct Limited Discovery.

Respectfully submitted,

Attorney for Plaintiff

Kenneth P. Dobbs
Roger S. Hutchison
Dobbs and Hutchison
47 West Polk Street
Suite M-2
Chicago, Il 60605
312-461-9800