UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MUNDY,<br><br>          Plaintiff,<br><br>     vs.<br><br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br>In its capacity as Administrator of the<br>Yellow Roadway Corporation Long-Term<br>Disability Benefits Plan,<br>YELLOW ROADWAY CORPORATION LONG-TERM<br>DISABILITY BENEFITS PLAN,<br>YELLOW TRANSPORTATION, INC.,<br><br>          Defendants. | )<br>)<br>)      No.   08 C 1576<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S AMENDED MOTION FOR LEAVE TO CONDUCT LIMITED
DISCOVERY TO SUPPLEMENT THE ADMINISTRATIVE RECORD, REGARDING
COUNT II OF THE SECOND AMENDED COMPLAINT**

1.    Plaintiff was granted leave to file this amended
motion.

2.    Defendant, LINA, has filed the 'Administrative Record'
in this matter.

3.    Plaintiff and the Defendants to Count II do not agree
on whether the proper standard of review in this case is
'deferential/arbitrary and capricious', or 'de novo'.
Therefore, this motion shall include the Plaintiff's argument in
that regard, and the Plaintiff shall then request limited
discovery under both standards of review.

## Standard of Review

4.    It is the Plaintiff's position that the proper standard of review in this case is 'de novo' review.  The "Group Policy" does not contain any language in regards to a deferential standard of review. (Exhibit A of the Second Amended Complaint)  Although the "Group Insurance Certificate" does contain deferential review language in the first paragraph of Page 17 (Exhibit A of Defendant Yellow Transportation Inc.'s Motion to Dismiss, p. 17),

The "Group Insurance Certificate" states:

> This is not the insurance contract.  It does not waive or alter any of the terms of the Policy.  If questions arise, the Policy will govern.  You may examine the Policy at the office of the Policyholder or the Administrator.

Because the document refers to the Policy, but states that it is not part of the policy, the Defendants are not entitled to the deferential standard in regards to Count II. Schwartz v. Prudential Ins. Co. of America, 450 F.3d 697 (7th Cir.,2006)(the 7th Circuit found that where the deferential standard of review was not invoked in the plan, de novo review would apply, despite the fact that deferential review was included in the summary plan description). See also, Diaz v. Prudential Ins. Co. of America, 424 F.3d 635, (7th Cir., September 20, 2005), and Lauth

2

v. Prudential Insurance Company of America, 2006 WL 1302355
(N.D.Ill.)

If the prior argument is not sufficient to lead the court
to a finding that the case is governed by 'de novo' review, the
Plaintiff also points out that there is a question of fact in
regards to the summary plan description. Although the affidavit
attached to Yellow Transportation, Inc.'s Motion to Dismiss
stated that the "Group Insurance Certificate" is "a true and
accurate copy of the Summary Plan Description", the affidavit
does not state that it was true and accurate as of January 5,
2005, the alleged date of disability in the Complaint, and the
last page of the document is dated "03/2005". There is a
question of fact in this regard that remains to be resolved. If
the Summary Plan Description was issued after the Plaintiff's
period of disability commenced, it is ineffective. Hackett v.
Xerox Corp. Long-Term Disability Income Plan, 315 F.3d 771 (7th
Cir. 2003)

## Request for Limited Discovery

5.   Plaintiff requests that the following additional
information and documents be produced:

> A.   The claims manual that governed the claims
>      managers and other employees that investigated
>      and made the decision to deny benefits.

B.  Any other internal rules, guidelines, and
    protocols referenced or relied upon in making the
    decision to deny benefits.

C.  Information and records regarding the business
    relationship between the doctors who reviewed the
    claim on behalf of LINA in both the Short Term
    Disability and Long Term Disability claims made
    by Mundy, including the nature of the employment
    or independent contractor relationship, the
    amount of compensation for this and other cases
    reviewed for LINA, the number of cases reviewed
    by each of the doctors on behalf of LINA, and the
    opinions reached by the doctors, either denying
    or granting said claims.

## Argument for Limited Discovery
### if the Standard of Review is 'Arbitrary and Capricious'

6.   Even if the court were to find that the standard of

review is 'arbitrary and capricious', the Plaintiff seeks

limited discovery.  The Plaintiff is attempting to seek the

information and documents because they may reasonably lead to

evidence to show that LINA evidenced a conflict of interest, was

arbitrary and capricious, and violated claims procedures when it

denied the claim.

7.   Although discovery in ERISA cases is normally limited

to the Administrative Record, there are circumstances in which

the courts will allow additional, limited discovery. Semian v.

Life Insurance Company of North America, 436 F.3d 805, 813-816

(7th Cir., Feb., 2006)  "By allowing limited discovery in cases

where a prima facie showing of impropriety has been made,

4

district courts ensure that the 'arbitrary and capricious' standard of review is not toothless." Id. at 814.

8.    "A claimant must demonstrate two factors before limited discovery becomes appropriate.  First, a claimant must identify a specific conflict of interest or instance of misconduct.  Second, a claimant must make a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination." Id. at 815, citing to, Bennett v. Unum Life Ins. Co. of Am., 321 F.Supp.2d 925, 932-33 (E.D. Tenn. 2004)

9.    In this matter, the Life Insurance Company of North America is the insurer and the Administrator of the Plan, and therefore, there is a conflict of interest that should considered by the Court as a 'factor'. Metropolitan Life Insurance Company v. Glenn, 128 S. Ct. 2343 (June 19, 2008); citing to Firestone Tire & Rubber Co. v. Bruch, 109 S.Ct. 948.

10.   The good cause to believe that limited discovery will reveal a procedural defect in the plan administrator's decision to deny benefits is the fact that LINA appears to have bootstrapped its Long Term Disability Denial to the Short Term Disability denial.  The following facts support the prima facie showing of good cause:

5

November 30, 2006      Mundy filed a claim for LTD benefits
                       with LINA, but did not re-submit the
                       extensive medical records submitted
                       previously to the STD claims manager.
                       (Exhibit A)

December 6, 2006       LINA summarily denied the claim for STD
                       benefits after "Review of all the
                       medical information in Mr. Mundy's
                       short term disability file." (Exhibit
                       B)

April 4, 2007          Mundy simultaneously requested
                       reconsideration of the STD Denial, and
                       appealed the LTD denial, with
                       additional information, including the
                       Fully Favorable Decision by the Social
                       Security Administration and a new
                       neuropsych exam.
                       (Exhibit C)

April 10, 2007         Note in LINA's file that LINA received
                       appeal on April 10, 2007.  Person
                       making note stated that STD claim was
                       denied twice, and that the two doctors
                       who had reviewed STD appeal were
                       considered in LTD claim. (Exhibit D)

August 24, 2007        LINA issued a final denial of LTD
                       benefits. (Exhibit E)

11.   The Plaintiff asserts that the requested discovery

will support the Plaintiff's argument to the Court that LINA's

determination was flawed, was arbitrary and capricious, and

violated claims procedures, in that its first Long Term

Disability denial occurred only 6 days after the claim and was

clearly a reiteration of the Short Term Disability denial.

Furthermore, when reviewing its Long Term Disability denial,

LINA again relied upon the Short Term Disability denial, and its doctors, who were compensated by LINA to review the claim during the Short Term Disability process. The 'rubber-stamp' denial, based upon internal reviewing doctors, creates a circumstance that warrants further evaluation and investigation as to propriety.

### Argument for Limited Discovery
### if the Standard of Review is De Novo

12.  If the Court agrees that the standard of review is 'de novo', the Plaintiff continues to request leave to conduct limited discovery.  The Plaintiff is attempting to seek the information and documents because they may reasonably lead to evidence to show that LINA evidenced a conflict of interest and violated claims procedures when it denied the claim, for the same reasons described in paragraphs 10 and 11 of this motion.

13.  Where the standard of review is 'De Novo', the courts have allowed limited discovery.  Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975, 981 - 982 (7th Cir., 1999.  In ERISA cases, whether being reviewed under the deferential standard or the de novo standard, "'district courts enjoy broad discretion in controlling discovery.'" Semien v. Life Ins. Co. of North America, 436 F.3d 805, 813 (7th Cir.

2006)(quoting <u>McCarthy v. Option One Mortgage Corp.</u>, 362 F.3d 1008, 1012 (7th Cir. 2004).

    14.  The 'rubber-stamp' denial of Long Term Disability benefits creates discoverable issues that go beyond the administrative record in regards to the insurance company's internal policy and procedures used in this matter and in regards to the internal doctors that were used to deny both claims.  The Plaintiff requests the above-described discovery in order to further evaluate and argue these issues.  The discovery requested would not be overburdensome on the defendants.

    WHEREFORE, the Plaintiff requests that he be granted leave to conduct limited discovery.

Respectfully submitted,

_____
Attorney for Plaintiff

Kenneth P. Dobbs
Roger S. Hutchison
Dobbs and Hutchison
47 West Polk Street
Suite M-2
Chicago, Il 60605
312-461-9800

8



# DOBBS & HUTCHISON
### Attorneys at Law

47 West Polk Street
Dearborn Station, Suite M-2
Chicago, Illinois 60605
Tel: 312.461.9200
Fax: 312.461.9008
Toll Free: 866.651.7232

Frankfort Office By Appointment:
112 West Kansas Street
Frankfort, Illinois 60423
Tel: 815.806.1500
Fax: 312.461.9008

DEC 04 2006

November 30, 2006

CIGNA
Attn: Charles Montabon
Gateway View Plaza
1600 West Carson Street, Suite 300
Pittsburgh, PA 15219

Re:     My Client: Joseph Mundy
Plan Holder: Yellow Roadway Corporation

To Whom It May Concern:

Please find the attached:

Proof of Loss
Disability Questionnaire
Disclosure Authorization
Reimbursement Agreement
Birth Certificate
Social Security Disability - Title II -
notice of award with disability date of 1/5/05

Please note that the disability determination by SSA was not issued at the time that the second decision was made on the STD application.

Please send a letter of confirmation.   Thank you for your attention to this matter.

Sincerely,

Roger S. Hutchison

RSH/ad
Encl.



PLAINTIFF'S
EXHIBIT

Blumberg No. 5113

Joseph MUNDY
LINA 00852

Chuck Montabon, FLMI
CIGNA Group Insurance
P250
PO Box 22325
Pittsburgh, PA 15222-0325

Phone: 800-238-2125 ext. 3229
Fax: 412-402-3518

**CIGNA Group Insurance**
Life · Accident · Disability

MR. ROGER HUTCHISON
47 WEST POLK STREET
SUITE M-2
CHICAGO, IL 60605

December 6, 2006

Name:                          JOSEPH MUNDY
Incident Number:               1509321
Plan/Policy Number:            FLK0980016
Plan/Policy Holder:            YELLOW ROADWAY CORP.
Underwriting Company:          Life Insurance Company of North America

DEAR MR. HUTCHISON,

This letter is regarding your Long Term Disability (LTD) claim. After completing our review of your claim, we are unable to approve your claim for benefits.

The contract defines disability as follows:

*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
*1) unable to perform all the material duties of his or her Regular Occupation or a Qualified Alternative; and*
*2) unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been paid for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
*1. unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training, or experience, and*
*2. unable to earn 80% or more of his or her Indexed Earnings."*

We recently completed a review of the information on file. Specifically, this included:
-- Review of all the medical information in Mr. Mundy's short term disability file.

As you may know, Mr. Mundy short term disability claim was denied on 4/27/2005 as the medical did not support his inability to perform his sedentary occupation of Dispatcher. He appeal and the decision was re-affirmed on 6/29/2005. The second appeal sent by your office was reviewed and the decision was again re-affirmed on 4/25/2006.

To make a determination on Mr. Mundy's Long Term Disability claim, his file was sent for an independent review by a Board Certified Hematology/Oncology, Internal Medicine physician. The review was of the entire hard copy of the file, the deposition from Dr. Tess, multiple x-ray scans, consultation from a vascular specialist, neurologist and primary physician. The review indicated that Mr. Mundy has an episode of amaurosis Fugax on 1/5/2005, where he had temporary loss of vision in his right eye which resolved on its own in several minutes. A comprehensive work up was done and it was felt the Mr. Mundy had some degree of stenosis of his internal carotid arteries that did not require surgery. In addition, he had a single genetic abnormality in the area of Factor V Leiden deficiency. This was associated

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are prov subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Life Insurance Company.


PLAINTIFF'S
EXHIBIT

December 6, 2006
Page 2

with an activated protein C resistance. Mr. Mundy was treated with Plaxiv and aspirin. There is no evidence of progressive disease, recurrent thromboses, visual difficulties or need for carotid artery surgery. The evaluations regarding Mr. Mundy's cognitive and neurological functions indicate that he has anxiety and stress but no deficient neurological function and no evidence of significant cognitive dysfunction.

The result of the review is that the medical information does not support a condition that would prevent Mr. Mundy from performing his occupation of Dispatcher. At this time his claim has been closed and no benefits are payable.

If you disagree with our determination and intend to appeal this claim decision, you must submit a written appeal. This appeal must be received by us within 180 days of receipt of this letter and should be sent to the Life Insurance Company of North America representative signing this letter to the address noted on the letterhead.

You have the right to submit written comments as well as any new documentation you wish us to consider. If you have additional information, it must also be sent for further review to the address noted on this letterhead, within 180 days of receipt of this letter.

Additional information includes, but is not limited to: physician's office notes, hospital records, consultations, test result reports, therapy notes, physical and/or mental limitations, etc. These medical records should cover the period of January 10, 2005, through present.

You may also wish to have your physician(s) provide some or all of the following:
X-rays
MRI's
Consulting reports
Neuro Evaluations

Under normal circumstances, you will be notified of a decision on your appeal within 45 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the reason for delay within 30 days of receipt of your request, and every 30 days thereafter. A final decision will be made no later than 90 days.

You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein. Should you have any information which would prove contrary to our findings, please submit it to us. We will be pleased to review any information you may wish to submit.

Please review your insurance booklet, certificate or coverage information available from your employer to determine if you are eligible for additional benefits.

Part 919 of the Rules and Regulations of the Illinois Department of Insurance requires that our company advise you that if you wish to take this matter up with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at:
100 W. Randolph St, Ste 15-100
Chicago, IL 60601
and in Springfield at:
320 West Washington St.
Springfield, IL 62767



December 6, 2006
Page 3

Please contact our office at 800-238-2125 ext. 3229 should you have any questions.

Sincerely,

*Chuck Montabon*

Chuck Montabon, FLMI
Disability Claim Manager



# DOBBS & HUTCHISON
*Attorneys at Law*

47 West Polk Street
Dearborn Station, Suite M-2
Chicago, Illinois 60605
312.461.9200

112 West Kansas Street
Frankfort, Illinois 60423
815.806.1500
12.461.9008

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

*Joseph Med Mundy*

April 4, 2007

CIGNA
Attn: Charles Montabon
Gateway View Plaza
1600 West Carson Street, Su
Pittsburgh, PA 15219

CIGNA
Kimberly Przybylek
P. O. Box 22325
Pittsburgh, PA 15222-0325
(without Attachments)

Re:   My Client: Joseph Mundy
      Plan Holder: Yellow Roadway Corporation

Dear Mr. Montabon and Ms. Przybylek:

Please find the attached:

      Social Security Disability - Notice of Decision - Fully Favorable
          Dated June 27, 2006
      Social Security Disability - Title II -
          Notice of Award with disability date of 1/5/05
          Dated July 25, 2006
      Neuropsychological Evaluation - Alison J. Donnell, Ph.D.
          Dated June 13, 2006
      Social Security Administration - Complete File

This letter is written to request that the Short-Term Disability Denial be reconsidered based upon the evidence listed above, and as an appeal from the Denial of Long-Term Disability Benefits dated December 6, 2006.   I have only enclosed attachments to Ms. Montabon, because it is my understanding that your company claims file was passed to him for evaluation of the LTD claim.

PLAINTIFF'S EXHIBIT
C

Joseph MUNDY
LINA 00253

# DOBBS & HUTCHISON

Page 2
April 4, 2007

We stand on our argument made with the prior STD appeal and LTD claim, but additionally argue that the evidence above further supports my client's claim. Also, the LTD denial did not discuss the white matter disease found on the 1/13/05 MRI of Mr. Mundy's brain, and does not discuss the fact that Doctor Tess said he may be having smalls strokes and does not have blood going to his head because of 50% external carotoid artery blockage and 70% of internal blockage. Both the STD and LTD denials should be reconsidered based upon all of the evidence, including the neuro-psych exam, which evidences that Mr. Mundy is not able to work, not only because his doctor has ordered him to not subject himself to work stress, but also because he has cognitive deficits.

I look forward to your response.

Please send a letter of confirmation.   Thank you for your attention to this matter.

Sincerely,

Roger S. Hutchison

RSH/ad
Encl.



PLAINTIFF'S EXHIBIT
C

Joseph MUNDY
LINA 00254

**Restrictions & Limitations**

**Subjective / Objective Findings / Treatment**

**Outstanding Issues and Follow-up Dates**

**Strategy**

4/10/07 received appeal for LTD from Attorney. STD was denied and two appeals denied. Attorney submitted LTD claim and that was also denied after peer review as Dr. Seifer and McCool had already reviewed STD appeal. Attorney has appeal LTD denial and sent in a stack of papers. I see two things that we did not have for original denial. A 3/10/05 letter to Dr. Tess from Dr. Paredes indicating clmt had positive activated protein C resistance and a 6/13/06 neuropsychological eval from Dr. Donnell. Will review with NCM to see if new med would reopen LTD.

4/12/07 -- per staffing medical not sufficent to reopen claim. Route to Appeals

| Last Changed User | Charles Montabon | Last Changed Date | 04/12/2007 03:04 PM |
|---|---|---|---|

| Status: | Completed | Assigned To: | Charles Montabon | Created: | 04/10/2007 04:17 PM |
|---|---|---|---|---|---|



Joseph MUNDY
LINA 00025
4/9/2008

**Lisa Lyle**
Appeals Claim Manager

**CIGNA** Group Insurance
Life · Accident · Disability

August 24, 2007

Routing P250
PO Box 22325
Pittsburgh, PA 15222
Telephone  412.402.3353
Facsimile  412.402.3222

Roger Hutchison
47 West Polk Street
Suite M-2
Chicago, IL 60605

RE:   Claimant:              Joseph Mundy
      Policy Number:         FLK 0980016
      Account:               Yellow Roadway Corporation
      Underwriting Company:  Life Insurance Company of North America

Dear Mr. Hutchison:

We have completed our review of Mr. Mundy's appeal for Long Term Disability benefits, and must regretfully inform you that we are affirming the previous denial of his claim.

Under the terms of his policy, in order for benefits to be payable we must have medical documentation supporting Disability.  Disability is defined as follows:

> "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1) unable to perform all the material duties of his or her Regular Occupation or a Qualified Alternative; and
> 2) unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1) unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training or experience, and
> 2) unable to earn 80% or more of his or her Indexed Earnings."

The policy also contains an Elimination Period which is defined as:

> "The Elimination Period is the period of time an Employee must be continuously Disabled before Disability Benefits are payable.  The Elimination Period is shown in the Schedule of Benefits."  It is shown in the Schedule of



"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by operating subsidiaries and contracted companies and not by CIGNA Corporation. Operating subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

August 24, 2007
Page 2

> Benefits as 6 months and for this claim the Elimination Period was from
> January 5, 2005 through July 4, 2005.

Our records show that at the time Mr. Mundy ceased working on January 5, 2005, he was
employed by Yellow Roadway Corporation as Dispatcher. This occupation is considered
sedentary in nature.

His complete claim file, including any additional information submitted was reviewed in its
entirety without deference to prior reviews. To ensure appropriate interpretation of the
medical information, Independent Peer Reviews were completed by Dr. John P. Shallcross and
Dr. R. Kevin Smith. Dr. Shallcross is a licensed clinical psychologist and Dr. Smith is Board
Certified in Occupational and Environmental Medicine.

Dr. Shallcross reviewed the medical documentation on file and concluded it is not supportive
of a global neurocognitive/functional impairment that would have precluded all work
capacity. He advised the information leading up to the neuropsychological testing completed
on June 13, 2006, is not convincing of a cognitive/functional impairment. He noted the
mental status evaluations from a variety of providers are all entirely within normal limits.
Also, Mr. Mundy saw a psychiatrist briefly in 2005, however, there is no indication that he
had any psychotherapy, ongoing psychiatric medication management or counseling during
this timeframe. Dr. Shallcross advised this is not consistent with a neurocognitive/functional
impairment that would preclude all work capacity.

The review of the medical documentation by Dr. Smith also included a review of Dr.
Shallcross' report. Dr. Smith advised that Mr. Mundy has been out of work since January 5,
2005 when he had sudden, painless loss of vision. This was subsequently diagnosed as
amaurosis fugax. Dr. Smith noted Mr. Mundy had an extensive workup and was found to
have fusiform dilatation of both carotid arteries and some evidence of stenosis of the mid
basilar artery. Also, the cardiac workup was unremarkable. He did have a clotting factor
abnormality. Based on the severity of Mr. Mundy's complaints, extensive workup and
initiation of treatment he would have been unable to work from January 5, 2005 through only
March 26, 2005 when the work up had been completed and treatment was initiated. Dr.
Smith advised the records do not support Mr. Mundy's inability to function from March 27,
2005 from a physical perspective.

Although Mr. Mundy ceased working due to sudden vision loss and underwent extensive work
up, restrictions beyond March 26, 2005, preventing the performance of his occupation are not
supported. Neither the documentation regarding a physical or psychological condition is
indicative of Mr. Mundy's inability to perform his occupation beyond March 26, 2005. A
review of the medical information provided did not reveal a severity of his conditions which
would preclude the performance of his own occupational duties throughout the Elimination
Period and he did not continuously meet the definition of disability throughout this time.
Therefore, we must affirm our previous decision to deny Long Term Disability benefits.

You or Mr. Mundy may request a review of this decision by writing to the Life Insurance
Company of North America representative signing this letter at the address noted on the
letterhead. The written request for review must be sent within 180 days of the receipt of this



August 24, 2007
Page 3

letter. In addition to any written comments, your request for review must include new documentation you wish us to consider.

This documentation includes, but is not limited to, physician's office notes, therapy notes, hospital records, consultation reports, test result reports and Independent Medical Exams. The information provided must support his inability to perform his occupation throughout the Elimination Period.

Under normal circumstances, you will be notified of a decision on the appeal within 45 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the reason for delay within 30 days of receipt of your request, and every 30 days thereafter. A final decision will be made no later than 90 days.

Please note that Mr. Mundy has a right to bring legal action regarding his claim under the ERISA section 502(a). Mr. Mundy and his plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact his local United States Department of Labor Office or his State Insurance Regulatory Agency.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.

Please review Mr. Mundy's insurance booklet, certificate or coverage information available from his employer to determine if he is eligible for additional benefits. Upon written request, you or Mr. Mundy may receive a copy of the claim file, free of charge.

Sincerely,

Lisa Lyle
Appeals Claim Manager



PLAINTIFF'S EXHIBIT